AMERICAN STATE SAVINGS BANK, TRUSTEE, *v.* AMERICAN
STATE SAVINGS BANK.

PETITION OF ANNABLE.

1. Trusts—Membership in a Class—Administrator of Deceased
Cestui.

Fact that petitioner was the administrator of the estate of a
deceased person did not change his status as a member of class,
*cestui que trustent* under a bank depositors' agreement rela-
tive to liquidation of trust assets, which had been entered into
by deceased, as petitioner's interest was the same as any of
the other holders of certificates of participation.

2. Same—Judgment—Parties—Class Suits.

Where it would be totally impracticable to bring all the members
of a definite class before the court, but certain of their class
are before it, and the proposed decree is beneficial, all the
members of the class are bound by its action.

3. Equity—Parties—Class Suits.

Exceptions to the general rule that all persons interested must
be made parties to any proceeding by which they may be af-
fected include, because of considerations of practical conveni-
ence, (1) where the question is one of a common or general
interest, and one or more sue or defend for the benefit of the
whole, (2) where the parties form a voluntary association for
public or private purposes and those who sue or defend may
fairly be presumed to represent the rights and interests of the
whole, and (3) where the parties are very numerous, and
though they have or may have had separate and distinct in-
terests, yet it is impracticable to bring them all before the
court.

4. Same—Numerous Parties—Class Suits.

Where parties interested in the suit are numerous, and their
rights and liabilities so subject to change and fluctuation that
it would be greatly inconvenient to make all of them parties
and perhaps prevent a failure of justice, a court of equity

permits a portion of the parties in interest to represent the entire body and the decree entered binds all of them the same as if all were before the court.

5. SAME—CLASS SUITS—RIGHT OF APPEAL OF UNNAMED PARTIES.

In a class suit, a member of the class, not named as a party, may not move to set aside the decree after the time for appeal has expired, as, under the theory of class representation, the rights of all members of the class have become adjudicated by the decree.

6. SAME—CLASS SUITS—EXPIRATION OF TIME TO APPEAL.

Upon the expiration of time within which to appeal from a decree in a class suit, the decree becomes effective even though it may be incorrect as to a member of the class who has forfeited his right to complain.

7. SAME—STATUTES AS TO BELATED APPEARANCE OF DEFENDANTS NOT SERVED WITH PROCESS INAPPLICABLE TO CLASS SUITS.

Sections of statutes relative to belated appearance and hearing of a defendant not personally served *held,* not intended to provide for service in a class suit but are confined to defendants in suits where process cannot be personally served because of absence, concealment, or residence outside the jurisdiction of the court and to those brought in on substituted service by publication and not to parties not named as defendants (3 Comp. Laws 1929, §§ 14344–14346).

8. PARTIES—EQUITY—CLASS SUITS—ALLEGATION AS TO REPRESENTATION.

Fact that any parties to a suit are representatives of a class must be alleged in order to present to the court whether sufficient parties are before it so as properly to represent the rights of all the class.

9. JUDGMENT—EQUITY—CLASS SUITS—SETTING ASIDE DECREE—APPEAL—FRAUD—CONSPIRACY.

In the absence of an appeal, or of a claim of fraud, conspiracy, or other conduct recognized by the courts as ground for setting aside a decree on equitable grounds, the decree of a court in a class suit is a final determination of the rights of all thereby affected.

10. EQUITY—CLASS SUITS—PROCESS—PUBLICATION.

Publication of order setting forth purpose of bill for construction of bank depositors' agreement and to terminate trust

and specifying time and place of hearing, *held*, commendable, but unnecessary in a class suit because no service, by publication or otherwise, is necessary upon members of a class who are sufficiently represented in the proceeding (Court Rule No. 77 [1933]).

11. COSTS—QUESTION OF PUBLIC INTEREST—CLASS SUITS.

No costs are allowed on appeal of an unserved member of a class in his appeal from order denying petitioner's right to appeal from final order entered in a class suit involving construction of a bank depositors' agreement, a question of public interest being involved.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 11, 1939. (Docket No. 106, Calendar No. 40,375.) Decided March 9, 1939.

Bill by American State Savings Bank, a Michigan corporation, as trustee, against American State Savings Bank, and others representing certain depositor classes, to determine the right to mortgage certain trust assets. Decree for plaintiff. On petition of Charles R. Annable, as administrator of the estate of William Meister, deceased, to set aside the decree entered and for other relief. Petition denied. Petitioner appeals. Affirmed.

*Bulkley, Ledyard, Dickinson & Wright* (*T. Donald Wade* and *Charles R. Moon, Jr.,* of counsel), for plaintiff.

*Foster & Cameron,* for defendant American State Savings Bank.

*Laurence E. Barnett,* for petitioner.

*Thomas Read,* Attorney General, and *T. George Sternberg,* Assistant Attorney General, *amici curiæ.*

McALLISTER, J. Plaintiff, American State Savings Bank, as trustee under a bank depositors'

agreement, filed a bill in the circuit court of Ingham county asking for a construction of the agreement ·with reference to its power to mortgage assets, to realize cash, in order to make payment on claims of depositors, and to terminate its trust. All of the depositors under reorganization had, upon payment of 50 per cent. of their claims, relieved the bank of further liability, received "certificates of participation," and agreed to look for the balance of their claims to the liquidation of the trust assets, consisting of certain depreciated assets of the bank which had been transferred to a trust fund. The object of the bill filed by plaintiff was to secure more than a million dollars from the Reconstruction Finance Corporation in exchange for the so-called trust assets, which sum had been computed as the estimated amount which could be obtained from liquidation of such assets by the corporation over a period of several years, less the estimated cost of liquidation.

At the time of filing the bill, there were approximately 7,000 certificate holders who had entered such agreement, in which plaintiff was trustee. Many lived outside Ingham county as well as outside the State of Michigan. The certificates were transferable and often changed hands. Because of the circumstances, 12 certificate holders were named and personally served with process. The bill contained full allegations as to the number of certificate holders, their representation by the named defendants, and the allegations necessary to establish the "class suit" character of the proceeding. The bill further prayed that the decree be made binding on all members of the class. All of the named defendants appeared by counsel and filed answer, and all counsel except one were present in the court at the time of hearing. In addition, an order was entered and pub-

lished in accordance with Court Rule No. 77 (1933, adopted June 7, 1937), which provides:

"When a trustee or other fiduciary under an express trust shall have filed a bill or petition in a court of chancery praying only instructions in performance of duties involving trust relations, if it shall appear from such bill or petition, by reason of multiplicity of parties, absence of parties from the State, or otherwise, that personal service upon all or certain of them within this State will be impossible, impractical or unduly burdensome, the circuit judge may make an order setting forth in general terms the purpose or purposes of such bill or petition and specifying a time and place of hearing thereon, and directing publication thereof substantially as is required by 3 Comp. Laws 1929, § 15538 (Stat. Ann. § 27.2638), or amendments thereto, relating to probate notices, and such substituted service by publication shall be given the same effect as is given to probate notices published pursuant to said section."

On hearing, the court entered a decree finding that the right and interest of each and all of the certificate holders was identical in respect to all of the issues arising in the proceeding, that they were all one and the same class, that the relief sought was beneficial, and thereupon authorized the trustee to sell the trust assets and terminate the trust.

After the time in which to take an appeal had expired, Charles R. Annable, appellant herein, filed his petition, setting forth that he was administrator of the estate of William Meister, deceased; that his decedent had entered into the depositors' agreement; that petitioner was not personally served in the class suit and did not see the notices of publication in the newspaper; that the defendants named in the bill did not include an administrator; and that by termination of the trust, petitioner would suffer irrepara-

ble loss in being unable to collect the balance of the amount of decedent's claim. Petitioner prayed that any ''constructive default'' against him be set aside, and that he be given time in which to file his answer; that the trustee be restrained from seeking to avoid payments of its net earnings into the trust fund until petitioner received the balance still due him; and that all parties concerned with the plan be restrained from carrying out the provisions for termination of the trust. On motion by defendants, the court dismissed the petition, on the ground that the cause had been properly instituted as a class suit and that petitioner as a member of the interested class was fully and fairly represented by the defendants named, by reason whereof the final decree entered, not having been appealed from, was conclusively binding on petitioner. The court also stated in its order that it did not appear from the petition that any of the rights of petitioner had been prejudiced by the decree, and that there were no equitable grounds for the relief prayed for. From such order, petitioner appeals.

The fact that petitioner was an administrator of the estate of a deceased person did not change his status as a member of the class before the court. As a *cestui qui trust,* his interest was the same as that of any other of the 7,000 certificate holders. The only matters in issue were the powers of the trustee, under the trust instrument, and the determination of such powers affected all concerned in the same degree. There was no issue that could be raised by petitioner in such circumstances that would not affect all other depositors or holders of certificates in the same way. One certificate holder could not have greater rights as to his claim than another, and what would have been a defense or answer to the bill

for one would have been the same for another. Their rights and defenses were identical.

Petitioner was a member of the class represented by the named defendants. In *City of Detroit* v. *Railway*, 226 Mich. 354, the class suit doctrine was adopted by this court. In that case, where it appeared that an exigency existed requiring a change in the terms of a trust, in which approximately 1,200 bondholders were involved, the court quoted with approval the following from the decree of the trial court:

"It seems to be a well-known equitable doctrine that virtual representation clearly establishes the rule that where it would be totally impracticable to bring all the members of a definite class before the court, where they may have an opportunity of appearing, if they elect so to do, but where certain of their class are before the court, and the proposed decree is beneficial, that all parties are bound by the action of the court. It was this question that presented itself to the court at the very outset of this hearing, whether or not, in the absence of all bondholders being made parties to this litigation, any decree made by the court would be binding upon the absent parties, and while there does not seem to be any case in point, there are plenty of decisions bearing upon and involving the effect of class suits to such an extent in fact that there has arisen, and is known in the law, a rule of class representatives to a suit. This latter class of litigation, in the main, applies to fraternal insurance organizations, but there are other cases as was stated in *Leviness* v. *Consolidated Gas, Electric Light & Power Co.*, 114 Md. 559 (80 Atl. 304, Ann. Cas. 1913 C, 649).

"While the general rule undoubtedly requires that all persons interested must be made parties to any proceeding by which they may be affected, yet to this rule there are well-recognized exceptions, founded upon considerations of practical convenience and

adopted to avoid a denial of justice.  These exceptions are thus stated in Story's Equity Pleadings (10th Ed.), § 97:

" ' (1) Where the question is one of a common or general interest, and one or more sue or defend for the benefit of the whole. (2) Where the parties form a voluntary association for public or private purposes, and those who sue or defend may fairly be presumed to represent the rights and interests of the whole.  (3) Where the parties are very numerous, and though they have or may have had separate and distinct interests, yet it is impracticable to bring them all before the court.' "

The court further held:

"The bondholders themselves have a right to be heard in such a suit and no one not authorized to do so can represent them.  If some of them, enough to satisfy the court that the interests of all are protected, are made parties, the presence of all may be dispensed with, under the rule of necessity above stated." *City of Detroit* v. *Railway, supra.*

In *Smith* v. *Swormstedt,* 16 How. (57 U. S.) 288, it was said:

"The rule is well established, that where the parties interested are numerous, and the suit is for an object common to them all, some of the body may maintain a bill on behalf of themselves and of the others; and a bill may also be maintained against a portion of a numerous body of defendants, representing a common interest.  Story's Equity Pleadings (6th Ed.), §§ 97–99, 103, 107, 110, 111, 116, 120; 2 Mitf. Pl. (Jer. Ed.) 167; *Hallett* v. *Hallett,* 2 Paige Ch. (N. Y.) 15, 19; *Taylor* v. *Salmon,* 4 My. & Cr. 134 (41 Eng. Rep. 53); *Wallworth* v. *Holt,* 4 My. & Cr. 619 (41 Eng. Rep. 238); *Attorney General* v. *Gardner,* 2 DeG. & Sm. 102 (64 Eng. Rep. 46); *Attorney General* v. *Munro,* 2 DeG. & Sm. 122 (64 Eng. Rep. 55). * * *

"Where the parties interested in the suit are numerous, their rights and liabilities are so subject to change and fluctuation, by death or otherwise, that it would not be possible, without very great inconveni-

ence, to make all of them parties, and would often-times prevent the prosecution of the suit to a hearing. For convenience, therefore, and to prevent a failure of justice, a court of equity permits a portion of the parties in interest to represent the entire body, and the decree binds all of them the same as if all were before the court. The legal and equitable rights and liabilities of all being before the court by representation, and especially where the subject matter of the suit is common to all, there can be very little danger but that the interest of all will be properly protected and maintained.

"The case in hand illustrates the propriety and fitness of the rule. There are some 1500 persons represented by the complainants, and over double that number by the defendants. It is manifest that to require all the parties to be brought upon the record, as is required in a suit at law, would amount to a denial of justice. The right might be defeated by objections to parties, from the difficulty of ascertaining them, or if ascertained, from the changes constantly occurring by death or otherwise."

In a class suit, a member of the class not named as a party may not move to set aside the decree after the time for appeal has expired. Under the theory of class representation, the rights of all members of the class have become adjudicated by the decree.

Failure to appeal from such decree before the time prescribed by statute expires forfeits the right of a member of the class to complain. It is no longer a question of the correctness of the decree, but it becomes effective because no appeal has been prosecuted. *Groves* v. *Farmers State Bank of Woodlawn*, 368 Ill. 35 (12 N. E. [2d] 618).

Petitioner, however, contends that under 3 Comp. Laws 1929, §§ 14344–14346 (Stat. Ann. §§ 27.1112–27.1114), he is entitled, as a defendant not personally served, to enter his appearance and answer the bill,

even after the expiration of time in which to take an appeal. These sections provide:

"SEC. 2. In any case where personal service was not had, except in a case of divorce, if the defendant against whom any decree shall have been made, or his representatives, shall afterward appear and petition to be heard, the party so petitioning shall be admitted to answer the plaintiff's bill upon paying or securing to be paid such costs as the court shall adjudge, and the suit shall then proceed in like manner as if such defendant had appeared in due season and no decree had been made.

"SEC. 3. The defendant, or his representatives, must so appear within one year after notice in writing of the decree shall have been given to him or them, and within seven years after the making of the decree, when such notice shall not be given.

"SEC. 4. If the defendant or his representatives shall not so appear within one year after such notice shall have been given, and if not given, before the expiration of seven years after the making of the decree, the court shall then, by order, confirm the decree against the defendant, and against all persons claiming under him by virtue of any act subsequent to the commencement of the suit, and may make such further order in the premises as shall be just and reasonable."

The sections of the statute above set forth were not intended to provide for service in a class suit. Such sections are only applicable to parties named as defendants in suits where process cannot be personally served because of absence, concealment, or residence outside the jurisdiction of the court. The statutory provisions in question originally appeared as the Revised Statutes of Michigan of 1846, Chap. 90, §§ 91–93, as part of a chapter providing for service by publication on absent, concealed, or

nonresident defendants. When the judicature act was passed by the legislature in 1915 (Act No. 314, Pub. Acts 1915), the same provisions appeared as chapter 19, §§ 2–4, entitled, "practice in chancery cases not otherwise provided for." They apply only to parties brought in on substituted service by publication in cases where such parties could not be personally served with process. They are not applicable and do not affect parties who are not named as defendants. Rights of members of a class can be adjudicated on representation by a group acting as either plaintiffs or defendants. See *Smith* v. *Swormstedt, supra.* None of the cases relied upon by plaintiff in his contention that such statutes govern the instant case was prosecuted under the theory of a class suit and in none of such cases was it alleged that such suit was being prosecuted upon such a theory. Such fact must be alleged in order to present to the court the question of whether sufficient parties are before it so as properly to represent the rights of all the class. See *Colorado & Southern Railway Co.* v. *Blair,* 214 N. Y. 497 (108 N. E. 840, Ann. Cas. 1916 D, 1177); *McClelland* v. *Rose* (C. C. A.), 247 Fed. 721 (Ann. Cas. 1918 C, 341).

In the absence of an appeal, or of a claim of fraud, conspiracy, or other conduct recognized by the courts as ground for setting aside a decree on equitable grounds, the decree of a court in a class suit is a final determination of the rights of all thereby affected.

The trial court ordered publication of the order setting forth the purpose of the bill and specifying the time and place of hearing, in the manner provided by Court Rule No. 77 (1933, adopted June 7, 1937). While such procedure is not required in class suits, for the reason that no service, by publication

or otherwise, is necessary upon members of a class who are sufficiently represented in the proceeding, nevertheless, such practice is to be commended. Plaintiff's rights were not prejudiced by the proceedings or the adjudication.

The decree is affirmed without costs, a question of public interest being involved.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. NORTH, J., took no part in this decision.