## STEELMAN *v.* CITY OF PORTAGE.

1. MUNICIPAL CORPORATIONS—TAXATION—SPECIAL ASSESSMENTS—
   CLASS ACTIONS—RES JUDICATA.
   A person who was a member of a class that was a party to a
   class action by a city for a declaratory judgment that a special
   assessment was legal is bound by the decision in that case
   even though he did not participate in it directly, and he is
   therefore barred by principles of *res judicata* from contesting
   the legality of the special assessment in a subsequent proceed-
   ing.

2. ACTION—CLASS ACTION—DUE PROCESS—SUFFICIENCY OF NOTICE.
   Plaintiffs had both constructive and actual notice that their
   interests were being litigated in a prior class action when in-
   formation concerning that class action was published in local
   newspapers and one of counsel in the class action is one of the
   plaintiffs in present action.

3. SAME—CLASS ACTIONS—RES JUDICATA.
   Persons who were members of a class and were properly represent-
   ed in a prior action involving that class are bound by principles
   of *res judicata* as to matters actually litigated in that action.

4. SAME—CLASS ACTIONS—DECLARATORY JUDGMENTS—RES JUDICATA.
   A declaratory judgment that a municipal corporation may levy a
   special assessment against members of a certain class is *res
   judicata* as to members of that class, but does not bar sub-
   sequent litigation on whether all legal formalities were ob-
   served in carrying out the project, whether a front foot basis
   could be used in computing the special assessment, and whether
   the special assessment district could be properly limited to
   exclude certain property owners in the area affected.

5. COSTS.
   No costs are awarded on an appeal in which neither party prevails
   in full.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 39 Am Jur, Parties § 44 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 1014.

Appeal from Kalamazoo, Van Valkenburg (Wade), J. Submitted Division 3 October 4, 1967, at Grand Rapids. (Docket No. 2,981.) Decided July 22, 1968.

Complaint by Ben L. Steelman, Lee Parkhurst, Maxine Parkhurst, Ava Howe, Mabre Krueger, Daisy J. Wise, and Benjamin W. Wise against the City of Portage, a Michigan municipal corporation, to enjoin the defendant city from proceeding with a special assessment project. Defendant's motion for accelerated judgment granted. Plaintiffs appeal. Affirmed in part and reversed in part and remanded for further proceedings.

*Stratton, Wise, Early, Starbuck & Lennon* (*Charles J. Daudert,* of counsel), for plaintiffs.

*John J. Peters,* for defendant.

HOLBROOK, J. The plaintiffs are owners of property situated within the municipal limits of the city of Portage on the shore of Austin lake. They appeal from a circuit court order, entered November 25, 1966, which granted the defendant an accelerated judgment.[1]

By their action, which they denominated a class action[2] in behalf of all property owners similarly situated on West and Austin lakes, the plaintiffs sought to permanently enjoin the city of Portage from proceeding with a special assessment project that would result in the construction of a pipeline through which the Upjohn company was supposed to supply "surplus water" that would be of value in maintaining a higher water level not only in Austin

[1] GCR 1963, 116.
[2] GCR 1963, 208.1(1).

lake but also in the interconnected West and Long lakes.

The plaintiffs asked the trial court to: "Declare said special assessment project, said special assessments, and also the said resolution of the city of Portage confirming the same wholly void", and to issue a preliminary injunction during the pendency of the suit and a permanent injunction upon a final hearing that would prohibit the defendant "from proceeding with said special assessment project and from the collection of the special assessments herein referred to."

In their complaint plaintiffs alleged that their relief should be granted because in setting up the special assessment project the city had failed to follow certain procedures set forth as mandatory in the municipal charter of the city of Portage. The plaintiffs also complained the project would confer no benefit on the land being assessed and that the proposed pipeline could not be considered a "public improvement" subject to payment by way of special assessment. Plaintiffs further asserted that there was not any public necessity or need for the project.

Defendant's motion for an accelerated judgment was based upon a claim that plaintiffs' action was barred by the judgment entered by the Kalamazoo county circuit court in *City of Portage* v. *Henry Westerville*, docket No. 6–220B. In this earlier action the now defendant city sought a declaratory judgment[3] on the question of whether it had the authority to create the special assessment district sought by various landowners whose property was situated around Austin, West and Long lakes. In an opinion issued January 24, 1966, the trial court concluded that the proposed project would be a public improvement and that a home rule city, if it fol-

---

3 GCR 1963, 521.

lowed the necessary statutory, charter and ordinance requirements, could charge back by special assessment the cost of operating such a project. The court expressly withheld from ruling on whether the project as proposed would be carried out with all due formalities being observed and on whether the city could employ a front foot basis in computing the special assessment.

Thus in the first action the conclusion of the court was that the city had power to take some action that was contemplated. But the court did not determine whether the action being proposed would be carried out in accord with the various legal formalities imposed by constitutional, statutory, charter and ordinance provisions. A challenge to any such claimed defective action was properly reserved for future litigation and that is what the plaintiffs may have by their present action. In other words, the purpose of the present action is to determine whether such authority has been properly exercised.

Defendant argues that plaintiffs cannot challenge either the assessments or the method whereby they were levied because they were members of the class that was involved in the declaratory judgment action and although they failed to participate in the action directly they are bound by the decision. As a general proposition this point is beyond challenge. This Court has held that in a class action one or more persons may be permitted to maintain or defend an action for themselves and various other persons of the class. *Theisen* v. *City of Dearborn* (1967), 5 Mich App 607 (affirmed [1968] 380 Mich 621).

The class (defendants) in the action for declaratory judgment consisted of those persons including plaintiffs herein, who were owners of land on the lakes to be benefited and to be charged for the public improvement. The class including plaintiffs herein, was represented by 3 defendants who were officers

of the respective lake associations affected. These defendants were represented by counsel who vigorously represented the interests of the class.

Plaintiffs assert that the decision in the prior action is not binding upon them because the notice given therein did not meet the test of due process. There were 3 named defendants representing the class in question and the trial judge ordered in accord with GCR 1963, 208.4 that notice be given to all other parties in interest by publication in the Kalamazoo Gazette, Portage Herald, and Portage Headliner, newspapers, all circulated within the city of Portage. There is no claim by plaintiffs herein that they did not have notice of the action. It is interesting to note from the record that one of the plaintiffs herein, Mr. Benjamin Wise, acted as counsel for the Allied Paper Company, also a defendant in the declaratory judgment action. He not only had constructive notice but actual notice of the fact that the 3 defendants were representing the class of which he was a member. The other plaintiffs herein can be deemed to have had sufficient notice under the ruling in the case of *American State Savings Bank, Trustee* v. *American State Savings Bank* (1939), 288 Mich 78, wherein Mr. Justice McAllister stated on pp 88, 89, in part as follows:

"The trial court ordered publication of the order setting forth the purpose of the bill and specifying the time and place of hearing, in the manner provided by Court Rule No. 77 (1933, adopted June 7, 1937). While such procedure is not required in class suits, for the reason that no service, by publication or otherwise, is necessary upon members of a class who are sufficiently represented in the proceeding, nevertheless, such practice is to be commended. Plaintiff's rights were not prejudiced by the proceedings or the adjudication."

The plaintiffs being members of the class and properly represented in the prior action—*City of Portage* v. *Henry Westerville, supra*—they are bound as to those matters actually litigated therein. *Theisen* v. *City of Dearborn, supra; International Typographical Union* v. *County of Macomb* (1943), 306 Mich 562; *City of Saginaw* v. *Consumers Power Co.* (1943), 304 Mich 491.

Plaintiffs have not been afforded an opportunity to challenge those matters not actually litigated in the prior action—including whether all due legal formalities were followed in carrying out the project; whether the city of Portage could employ a front foot basis in computing the special assessment; whether the special assessment district could be properly limited to property owners on Austin and West lakes so as to exclude property owners within the city limits on Long lake. Whether plaintiffs can prove their allegations pertaining to the matters not determined in the declaratory judgment action is uncertain. But the fact remains they must at least be accorded the opportunity to try.

Affirmed in part and reversed in part and remanded for further proceedings not inconsistent with this opinion. No costs, neither party prevailing in full.

FITZGERALD, P. J., and BURNS, J., concurred.