## The People, on the relation of George W. Blair v. The Quartermaster General.

*Bounty : discrimination between volunteers.*— A man drafted into the United States service for nine months, but allowed to volunteer and to be mustered in for three years, is entitled to the State bounty offered to volunteers. While the bounty is being paid, no discrimination can be made among those who come within the terms of the offer.

*Heard and decided December 5th.*

Motion for a mandamus.

The relator, on the thirteenth day of May last, was mustered into the United States service as a volunteer in the fifth Michigan battery, for the full term of three years. Immediately previous to this he had been accepted and mustered in as a substitute for a drafted man from this State, for the term of nine months.

The State authorities were at this time offering a bounty of fifty dollars to each volunteer, under an act of the Legislature, approved March 6th, 1863 — *Laws* 1863, *p.* 60. The order of the Adjutant General under which this offer was made, directed the bounty not to be paid to drafted men or their substitutes; and the only question in the case was, whether the relator, having been accepted and mustered into the service in the place of a drafted man, for nine months, was entitled to the bounty on being afterwards accepted as a volunteer for three years, before the nine months had expired.

*Robinson & Brooks* for the relator.

*A. Williams, Attorney General,* contra.

The COURT held, that if the relator was allowed, after taking the place of a drafted man, to enlist as a volunteer, and was accepted and mustered in as such, the State authorities could not, in the matter of bounty, distinguish him from any other volunteer. While bounties were offered they must be paid without discrimination to all who came within the terms of the offer.

*Mandamus granted.*