### FRANK S. DYER v. WILLIAM S. ROSENTHAL.

*Trover for goods levied on—Value—Damages for breaking up business—*
*Fraudulent payment of debts.*

In trover for the conversion of goods taken on execution, plaintiff cannot introduce an estimate of damages due him by the consequent breaking-up of his business until he has shown that his business was actually broken up.

The transfer of cheques or of receipted bills has no tendency to prove an indebtedness or loan, but rather a payment; they prove nothing of themselves but may be used as memoranda in connection with the testimony of the parties.

Receipted bills are no evidence of value.

One who has merely been into a store without inspecting the goods there is not competent to express an opinion as to their value on mere inspection of the inventory and invoices.

In trover for goods taken on execution defendant may show what they brought at public auction, as bearing on their value, even though the sale was made at a different place from that of the alleged conversion, if there is no reason for supposing that values were essentially different at the two places.

The appraisal of goods taken on an attachment is inadmissible as evidence of their value if offered by the officer who levied the attachment and appointed the appraisers in a suit against him for their conversion.

A transfer of property in payment of a debt is fraudulent and void if the property was transferred at a price greatly below its real value, with intent to defraud other creditors

Error to Alpena.    Submitted Jan. 26.    Decided April 13.

TROVER.    Defendant brings error.    Reversed.

*Kelley & Clayberg* for plaintiff in error.    In trover for articles taken under levy, a person not actually familiar with the articles cannot testify to their value: *Greeley v. Stilson* 27 Mich. 153; *Gilbert v. Kennedy* 22 Mich. 117; *Newlan v. Dunham* 60 Ill. 233; but the price they brought at auction would be evidence: *Jennings v. Prentice* 39 Mich. 121; *Roberts v. Dunn* 71 Ill. 46; *Campbell v. Woodworth* 20 N.

Y. 499; *Gill v. McNamee* 42 N. Y. 44; so would be the appraisal: *Walrath v. Campbell* 28 Mich. 111; *Hunt v. Strew* 33 Mich. 85; *Sisson v. C. & T. R. R.* 14 Mich. 489; *Cliquot's Champagne* 3 Wal. 114; *Fennerstein's Champagne* 3 Wal. 145; a transfer of goods in payment of an honest debt is void as a fraud on creditors if intended to be: *Pierce v. Rehfuss* 35 Mich. 53; *Allen v. Kinyon* 41 Mich. 281; *Beurmann v. Van Buren* 44 Mich. 496; *Boies v Henney* 32 Ill. 130; *Hanford v. Obrecht* 49 Ill. 146; *Atwood v. Impson* 20 N. J. Eq. 150; *Chapel v. Clapp* 29 Ia. 191; *Tatum v. Hunter* 14 Ala. 557; *Pulliam v. Newberry* 41 Ala. 168.

*J. D. Holmes* for defendant in error. The transfer of goods in payment of an honest debt is valid even if intended to cut off the redress of other creditors: *Hill v. Bowman* 35 Mich. 191; *Jordon v. White* 35 Mich. 253.

Cooley, J. Rosenthal sued Dyer for the conversion of a stock of goods which were taken from the possession of plaintiff at Sheboygan. Dyer was at the time sheriff of Alpena county, and justified under an attachment against Samuel Rosenthal who, he claimed, was the real owner of the goods and had transferred the possession to plaintiff with intent to defraud his creditors. Plaintiff recovered judgment in the circuit court, and the case comes up for review upon exceptions.

I. Plaintiff, after proving the seizure of the goods, was permitted against objection to give to the jury an estimate of the damage he had suffered by the breaking up of his business. This evidence could only have been admissible after he had shown that his business was actually broken up. This he had not shown: it was consistent with all that appeared that he may have gone on without serious interruption.

II. Under a claim that it would tend to show an indebtedness from Samuel Rosenthal to himself which may have constituted a consideration for the transfer of the goods to him, plaintiff was permitted to show that Samuel received from him certain checks a year before. But these had no tendency to show an indebtedness. The more legitimate inference

was that they constituted a payment, rather than a loan. The parties were competent to testify on that subject, and might use the checks as memoranda; but by themselves the checks proved nothing.

III. Receipted bills of goods from Samuel Rosenthal to the plaintiff were offered and received in evidence for the double purpose of showing payment and also of showing the value of the goods. We may say of these as of the checks, that they might be used in connection with the evidence of the parties to show a debt and its payment, but the fact that goods are put down in such bills at a certain price is no evidence they were worth it.

IV. One Anspach, a witness for the plaintiff, was permitted to give his opinion of the value of the goods on inspection of the inventory and invoices, when his evidence showed he had no personal knowledge on the subject. He had been in the store when the goods were there, but had never inspected them, and was as incompetent to express an opinion upon value as if he had never been near them.

V. As having some tendency to show value, defendant offered to show that he sold the goods at public auction at Alpena, and that they brought certain prices which were much less than the value which plaintiff claimed to have proved. This evidence, we think, was improperly excluded. It was within the rulings in *Smith v. Mitchell* 12 Mich. 180; *Davis v. Zimmerman* 40 Mich. 24, and other cases decided by this court. It is true the sale was made at a different place from that of the alleged conversion, but no reason is given for supposing the values would have been essentially different at the two places. The auction sale does not fix the price; it is only evidence bearing upon the value; and the jury are likely to make all proper allowance.

VI. Defendant also offered in evidence on the question of value the appraisal made of the goods when they were taken on the attachment; but this, we think, was rightly excluded. The appraisers were chosen by the defendant himself; and it would be unsafe to permit him to select the persons whose appraisal should be evidence in his own favor. Such an

appraisal was received in evidence against the sheriff in *Worthington v. Hanna* 23 Mich. 530, but even there, was considered but slight evidence. To put the witness upon the stand is much more satisfactory, and more likely to reach a just result.

VII. The trial judge, in his instructions to the jury, informed them that if the goods were transferred by Samuel Rosenthal to plaintiff in payment of an existing debt, "it is no matter what the intentions of the parties may have been; how immoral, how dishonest, how unfair or how fraudulent in respect to creditors,"—"no matter what may have been the condition of the minds of the parties as to whether the intent was to delay, hinder or defraud other creditors," and the plaintiff would then be entitled to recover. This was putting it altogether too strong. It is quite possible to pay an honest debt in an unlawful way; and if the property had been transferred at a price greatly below its real value, the jury would have been perfectly warranted in finding the transaction fraudulent and void. But it might have been equally void on other grounds.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.