ELBRIDGE E. HUTCHINSON v. DOUFF POYER ET AL.

*Sale—Good faith—Relationship of parties—Evidence—Value of*
*goods—Price realized at auction sale—Fraud—Burden*
*of proof.*

1. The evidence of a boot and shoe dealer who was present when
a stock of boots and shoes was inventoried by attaching credit-
ors, and set down the amount of the appraisement as given to
him by the appraisers, but who did not look over the goods to
any extent, but noticed that they were in fair condition and
comparatively new, but did not make sufficient examination to
give an opinion as to the *exact* value of the goods, is admiss-
ible, and the weight to be given to it is for the jury.

2. Evidence of what property brought at auction is admissible as
having some tendency to prove value. *Smith v. Mitchell,* 12
Mich. 191; *Davis v. Zimmerman,* 40 Id. 28; *Dyer v. Rosenthal,*
45 Id. 590.

3. One who impugns a transaction as fraudulent which may or
may not be so is not sustained by his own assertion alone in
case he is disputed, but must make his allegation good by inde-
pendent evidence. *Darling v. Hurst,* 39 Mich. 766.

4. It is error to instruct· the jury, in a suit by a vendee to
recover the value of goods from the attaching creditors of his
vendor, that the plaintiff had made out a *prima facie* case by
proving the sale to him of the goods, other facts being shown
by plaintiff's testimony which might also have weight with the
jury in determining the *bona fides* of the purchase.

Error to Menominee. (Grant, J.) Argued November
1, 1889. Decided December 28, 1889.

Trover. Defendants bring error. Reversed. The facts
are stated in the opinion.

*Sawyer & Waite,* for appellants.

*W. H. Phillips* (*H. O. Fairchild,* of counsel), for
plaintiff.

[The points of counsel are stated in the opinion.—
REPORTER.]

LONG, J. Plaintiff purchased a stock of goods of one
Ettinger, his brother-in-law, about January 1, 1888, pay-
ing therefor $3,023.91. Payment was made as follows:
At the time of the purchase plaintiff surrendered to
Ettinger some $800 in notes, which Ettinger had before
that time given him for borrowed money, and the balance
of the purchase price was paid by plaintiff giving Ett-
inger his notes due in one, one and a half, and two
years. Plaintiff claims to have made the purchase upon
an inventory made by Ettinger a few days previous, and
that after the purchase he went into possession of the
goods and store where they were situated, and continued
the business until the 5th of that month, when the
defendant Poyer, a deputy-sheriff of Menominee county,
seized the goods upon several writs of attachment issued
out of the circuit court for that county against Ettinger
at the instance of his creditors. Bonds of indemnity
were given the deputy-sheriff, the other defendants being
the sureties in such bonds. The goods were afterwards
sold by the officer. This is an action of trover by the
plaintiff to recover the value of the goods. On the trial
plaintiff had verdict and judgment for $2,534.99. Defen-
dants bring error.

The first assignment of error relates to the ruling of
the circuit judge in permitting witness Worden to testify
to the value of the goods. Defendants' counsel contend
that the witness was not experienced in the business, and
that he had made no examination whatever of the stock.
Witness testified that he was a boot and shoe dealer;
that he set down the amount given him by the appraisers
at the time the appraisal was taken under the attach-
ments, but that he did not look the goods over to any

great extent, but noticed they were in fair condition, and comparatively a new stock, but that he did not make sufficient examination to give an opinion as to their exact value. Witness was then allowed by the court, under the objection of defendants' counsel, to give his opinion that the stock was of the value of about $2,500. While the testimony of this witness was not of much weight, it was not error to admit it. He was there, and assisted in the inventory, taking down the amounts as they were announced by the appraisers, to some extent looked over the stock, and was engaged in that line of business. The weight to be given to his testimony was for the jury.

Defendants base their second assignment of error on the ruling of the court in excluding the testimony offered by them as to what the goods sold for   It appears that the goods were sold by the officer at public auction under executions issued upon judgments obtained in the attachment proceedings, and the defendants sought to show on the trial what the goods sold for at auction. The court excluded this, and charged the jury upon that subject as follows:

"Counsel have said something in their arguments, I think on both sides, in regard to the amount for which these goods were finally sold by the officer. Gentlemen, there is no evidence in the case as to what they were sold for. I excluded that from the evidence in the case."

Counsel for plaintiff, while admitting that there is no dispute as to the rule of law holding evidence of such a sale competent as tending to show value, insist that the evidence offered did not tend to show that the question was directed to a sale by the officer at public auction. In this counsel are in error. The question was evidently directed to that point, and from the charge of the court it is evident the court so understood it, and excluded it.

It has been well settled that evidence of what the property brought at auction is admissible, as having some tendency to prove value. *Smith v. Mitchell,* 12 Mich. 191; *Davis v. Zimmerman,* 40 Id. 28; *Dyer v. Rosenthal,* 45 Id. 590 (8 N. W. Rep. 560); *Campbell v. Woodworth,* 20 N. Y. 499.

One further point made by defendants' counsel remains to be noticed. It is contended that the court was in error in its charge as to the burden of proof. The court instructed the jury.

"The plaintiff has made out his case by proving the sale. The burden of proof is upon him to make out a *prima facie* case of the sale. He did that by his testimony. Then the burden of proof shifts to the other side to prove that the sale was fraudulent and void, under the instructions I have given you. and which must be proven by a preponderance of evidence. Therefore you must find, in order to find this sale was void, that the defendants have a preponderance of evidence; that is, that the testimony is stronger that the sale was void than it is that it was valid."

It is an elementary principle that he who impugns a transaction as fraudulent which may or may not be so is not sustained by his own assertion alone in case he is disputed, but has the burden on him to make his allegation good by independent evidence; for he who alleges that a transaction was fraudulent must prove it. *Darling v. Hurst,* 39 Mich. 766; *Bixby v. Carskaddon,* 70 Iowa, 726 (29 N. W. Rep. 626); *Rochester v. Sullivan,* 11 Pac. Rep. 58.

It is evident, however, that the court went too far in his instruction when he told the jury that the plaintiff had made out his case by proving the sale to him of the goods, and that, while the burden of proof was upon him to make out a *prima facie* case of the sale, he had done this by his testimony. The purchaser here was the moving party. He claimed to have purchased the property

from Ettinger in good faith, and without notice that
Ettinger was indebted to these attaching creditors, and
that the attachments were wrongfully levied, and seeks
to recover the value; but the manner of payment might
have influence upon the jury in determining whether the
purchase was made in good faith. Other facts were
shown by the plaintiff's testimony which might also have
weight with the jury in determining the *bona fides* of the
purchase.

It appeared that the plaintiff was living at that time
in another state. His business was that of a physician,
and he had no acquaintance with the boot and shoe
trade. All he knew of the stock was from an examina-
tion of the inventory which Ettinger had made, except
as he compared the prices in the inventory with the cost-
marks on some of the goods; but he does not claim to
have gone over the stock to ascertain the correctness of
the inventory, and says that the reason he did not do
so was his confidence in Ettinger. He gave his notes for
$3,023.91, due in one, one and a half, and two years,
except the $800 which he held against Ettinger and sur-
rendered, yet on the trial all that was claimed as the
value of the goods was $2,500. It appears, therefore, if
the plaintiff's testimony is true that he purchased in good
faith, that he was giving his notes for something over
$500 more than the value of the property purchased.
Again, the relationship and surroundings of the parties
was a matter for the consideration of the jury in deter-
mining the good faith of the purchase. These were cir-
cumstances which the court should have submitted to the
jury in determining the question of plaintiff's good faith
in the purchase, and that it was not made to hinder,
delay, or defraud creditors. It was error for the court
to assume in this instruction that the plaintiff had made
a *prima facie* case by his own testimony.

For the errors pointed out the judgment must be set aside, with costs, and a new trial ordered.

The other Justices concurred.