ENGEL v. TATE.

APPEAL AND ERROR—EXCEPTIONS TO FINDINGS—REVIEW.

Where the cause was tried in the court below without a jury, and no exceptions were filed: to the findings of fact, that there was no evidence to sustain such findings, that they are opposed to the weight of evidence, that the facts found do not support the conclusions of law or the judgment that was entered, and no points of law were presented as upon requests to charge, an affirmance of the judgment in this court is required. Circuit Court Rule No. 45; 3 Comp. Laws 1915, §§ 12586, 12587.

Error to Kent; Brown, J.  Submitted January 10, 1917.  (Docket No. 74.)  Decided December 27, 1918.

Assumpsit in justice's court by Anna W. Engel against Walter F. Tate for breach of a land contract. There was judgment for defendant, and plaintiff appealed to the circuit court.  Judgment for plaintiff. Defendant brings error.  Affirmed.

*Smedley & Linsey*, for appellant.

*E. A. Maher*, for appellee.

BIRD, J.  The parties to this litigation entered into the following contract on the 26th day of July, 1915:

"GRAND RAPIDS, MICH., 7/26/1915.
"This agreement made by and between Walter F. Tate, of the first part, and Mrs. A. W. Engel, of the second part, witnesseth:
"That the party of the first part agrees to sell and convey to party of the second part, all that piece or parcel of land, to wit, Lot number eleven (11), Block sixteen (16), Ellsworth Addition to city of Grand Rapids, with good title, and second party agrees to pay to first party the sum of fifteen hundred ($1,500) dollars for same, as follows:  Fifty ($50) dollars on signing of this agreement, and fourteen hundred fifty ($1,450) dollars on the delivery of good and sufficient deed.
(Signed) "WALTER F. TATE,
"MRS. A. W. ENGEL."

Following the making of the contract plaintiff made payment of the $50 which the agreement called for and her counsel examined the abstract.  No defects of a serious nature being found, plaintiff advised defendant she was satisfied with the title and ready to close the deal, when the tenant, Mrs. Sayfee, who was in possession of the premises, should vacate the same. Plaintiff claims that defendant agreed to meet her at her husband's office on August 10th and close the deal.

Instead of doing so he sold the premises on that day to Garley & Mydeen for a consideration of $1,625. Later she purchased the premises from them, paying $1,725 therefor, after which she brought this suit to recover the damages which she had suffered by reason of defendant's failure to convey the premises to her as agreed. The case was tried by the trial court without the aid of a jury and a verdict was rendered for plaintiff for the sum of $275, this being made up of the $50 which the plaintiff paid upon the execution of the contract, and $225 damages. Defendant argues two questions:

(1) That plaintiff breached the contract.
(2) That there was no evidence produced tending to prove plaintiff's legal measure of damages.

1. The principal issue of fact in the trial court was as to which party breached the contract. Defendant's representative, Mr. Adams, claims that he had the deed ready for delivery on August 4th, and that he called plaintiff's husband and so advised him; that plaintiff's husband replied that they would pay no more money until the tenant, Mrs. Sayfee, vacated the premises, or until they could have possession. Defendant construed this to be a refusal to go on with the deal in accordance with the agreement and, therefore, felt at liberty to sell the premises to another, which he did within a few days thereafter.

Plaintiff insists that defendant agreed to give them possession of the premises when the deal was closed, and that while waiting for the tenant to vacate defendant sold the premises to other parties. The trial court found with the plaintiff on this issue. After a review of the testimony we are impressed with plaintiff's claim that defendant agreed to give possession of the premises when the deal was closed. The testimony shows that the tenant was notified to vacate and that she was making her plans to remove from

the premises on or about August 10th. It is conceded that Mrs. Sayfee was still in possession of the premises when Mr. Adams announced to plaintiff on August 4th that he was ready to close the deal. Taking the view that defendant was obligated to deliver possession when the deal was closed it follows that the plaintiff was not in default in refusing to close the deal before the tenant vacated or was removed.

2. Counsel are agreed that plaintiff's measure of damages is the difference between the price agreed to be paid and the fair market value at the time of the breach, but defendant argues that plaintiff made no proof of their market value and, therefore, the court's finding that the value of the premises was $1,725 is unsupported. The testimony discloses that the premises were sold by defendant to Garley & Mydeen for $1,625, and by them to plaintiff for $1,725. Proof of what property sold for is some evidence of its value. *Smith* v. *Mitchell*, 12 Mich. 180; *Harmon* v. *Walker*, 131 Mich. 540; *Barbrick* v. *White Sewing Machine Co.*, 180 Mich. 535; *Hutchinson* v. *Poyer*, 78 Mich. 337; *Davis* v. *Zimmerman*, 40 Mich. 24; *Dyer* v. *Rosenthal*, 45 Mich. 588.

While this proof of value is not as satisfactory as it might have been, it furnished some support for the court's finding. Upon the whole case we think the finding should not be disturbed. The judgment will be affirmed, with costs to plaintiff.

OSTRANDER, C. J. In this cause the court made a finding of facts, and no exception thereto is put upon the ground that there was no evidence to sustain them. No exception raises the point that any conclusion of fact is opposed to the weight of evidence. Nor is any exception rested upon the ground that the facts found do not support the conclusions of law or the judgment which was entered. No points of law were presented

as upon requests to charge. See, Circuit Court Rule No. 45; Judicature Act, chap. 18, §§ 14, 15 (3 Comp. Laws 1915, §§ 12586, 12587).

The assignments of error follow the exceptions. Under the circumstances, an affirmance of the judgment is required.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with OSTRANDER, C. J.