PEOPLE *v.* FERRIS.

SAME *v.* HIMMELEIN.

1. EVIDENCE—OPINIONS—LAY WITNESSES.
    Lay witnesses, in testifying to their opinions on technical subjects, in which men of professional training may be more expert, must have personally inspected and observed the subject-matter and they must detail the facts and circumstances upon which their opinions are based.

2. SAME—FOOD LAWS—COMPETENCY OF LAY WITNESSES' OPINIONS.

In prosecution for having possession of meat of calves less than four weeks old with intention of selling it, testimony of people's witnesses who had spent many years at farming and who detailed various facts by which they arrived at conclusion defendants had meat of calves under lawful age *held,* competent (1 Comp. Laws 1929, § 5469).

3. SAME—DEATH OF EXPERT WITNESS—READING TESTIMONY GIVEN AT JUSTICE COURT TRIAL.

In circuit court trial of defendants for possession of meat of calves less than four weeks old with intent to sell it, reading of testimony of witness, taken at justice court trial, who testified he was a special investigator for State department of agriculture *held,* not reversible error where such witness had died before trial in the circuit court, his qualifications or experience were not inquired into and record does not disclose objection made thereto because of lack of qualification to give expert testimony (1 Comp. Laws 1929, § 5469).

4. CRIMINAL LAW—EVIDENCE—FOOD LAWS—IMMATURE VEAL.

Admission of testimony that all of the 70 calves whose meat was in possession of defendants were under four weeks old *held,* not prejudicial error in prosecution for possession of such meat with intent to sell it, where witnesses testified they had examined all of the calves and people's expert witness, now deceased, had testified in justice court trial that meat of two selected and produced at trial represented average of entire group, as jury could take the testimony for what it was worth as against defendants' claim witnesses had not made a sufficient examination so as to be able to testify that all 70 calves were under four weeks old and it was unnecessary to show all were under that age (1 Comp. Laws 1929, § 5469).

5. APPEAL AND ERROR—WEIGHT OF EVIDENCE—VETERINARIANS— FARMERS—IMMATURE VEAL.

In prosecution for possession of meat of calves less than four weeks old with intent to sell it, claim that testimony of defendants' veterinarians should have outweighed that of the people's lay witnesses who were experienced farmers *held,* without merit (1 Comp. Laws 1929, § 5469).

6. CRIMINAL LAW—FOOD LAWS—CREDIBILITY OF EXPERT AND LAY WITNESSES—QUESTION FOR JURY—VERDICTS—EVIDENCE.

Credibility of witnesses, veterinarians for defendants and experienced farmers for people, in prosecution for possession of

meat of calves less than four weeks old with intent to sell it *held*, for jury, under evidence presented, and its conviction well supported by evidence (1 Comp. Laws 1929, § 5469).

7. SAME—FOOD LAWS—ACTION OF TWO DEFENDANTS.

In prosecution of two defendants for possession of meat of calves less than four weeks old with intent to sell it, evidence of actions of both defendants ·*held*, to justify finding of guilt (1 Comp. Laws 1929, § 5469).

Appeal from Allegan; Miles (Fred T.), J. Submitted January 13, 1938. (Docket Nos. 112, 113, Calendar Nos. 39,720, 39,721.) Decided April 4, 1938.

Harold Ferris and Donald Himmelein were convicted of having possession of meat of calves less than four weeks old with the intention of selling it. Defendant Himmelein waived a jury in circuit court and case decided on record of defendant Ferris. Cases consolidated for appeal. Affirmed.

*Leo W. Hoffman,* for appellants.

*Raymond W. Starr,* Attorney General, *George H. Heideman,* Assistant Attorney General, and *Welborne S. Luna,* Prosecuting Attorney, for the people.

BUTZEL, J. Respondents were found guilty in the justice court and, on appeal to the circuit court, were again convicted of having meat of several calves less than four weeks old in their possession with the intention of selling it, contrary to the provisions of 1 Comp. Laws 1929, § 5469. Respondent Himmelein waived a jury in the circuit court but stipulated that the case be heard upon proofs submitted in the case against respondent Ferris.

On appeal to this court respondents claim that certain lay witnesses were not properly qualified to give their opinion as to the age of all of the calves, and also that the verdict by the jury and the judgment by

the trial judge were against the great weight of the evidence.

Plaintiff produced lay witnesses to prove the age of the calves, and a number of veterinarians testified for respondents. One of the veterinarians stated that before coming from his home to the scene of the trial he "got out" the textbooks he had used in school and "looked them over," and that he also testified from experience through personal observations. The question is raised whether farmers, who have had years of practical experience in raising calves, cannot also acquire from observation sufficient knowledge of a subject that is not overly technical in nature. The veterinarians did approach the subject in a scientific manner and their judgment is entitled to much weight. We cannot say, however, that the testimony of the lay witnesses for the people should have been excluded. While we find no Michigan cases directly in point, in *Gilbert* v. *Kennedy,* 22 Mich. 117, we held that farmers, rangers and drovers, having knowledge and experience with cattle, may give an opinion as to the weight of cattle and their growth and increase under various feeding conditions. *Clague* v. *Hodgson,* 16 Minn. 329, upheld the admission of the testimony of a shepherd who stated that he could tell the age of sheep by observation.

Lay witnesses, in testifying to their opinions on technical subjects, in which men of professional training may be more expert, must have personally inspected and observed the subject-matter and they must detail the facts and circumstances upon which their opinions are based. *Dyer* v. *Rosenthal,* 45 Mich. 588; *Rice* v. *Rice,* 50 Mich. 448; *In re Lembrich's Estate,* 243 Mich. 39. Three of the witnesses for the people complied with this rule. One testified that he had spent most of his life on the farm and had had almost continuous experience in raising calves and

was able to tell by observation approximately the age of a calf. He testified that he had examined the calves and detailed the facts upon which he based his opinion as to their ages. Another witness, who was present at the slaughterhouse when defendants were arrested, testified on behalf of the people and stated that he had farmed all his life and that he could tell the age of a very young calf, that the navel string, which had not disappeared on one calf, showed that it was under 10 days of age; that another calf was undersized, not matured and not filled out as a normal calf should be at four weeks. He also testified that one of the calves was less than 10 days of age and another less than three weeks old. He told in detail how he reached his conclusions. Another witness testified that he had been a farmer for 15 years, and had had experience in raising stock, and was a meat inspector for the State and in his opinion the calves were all under four weeks of age. Because of the death of a fourth witness prior to the trial in the circuit court, his testimony, given at the justice court trial, was read to the jury. He had testified that he was employed by the agricultural department of the State of Michigan as a special investigator. His qualifications or experience were not inquired into. The record does not disclose objection made to his testimony on the ground that he was not sufficiently qualified to give expert testimony.

Two of the slaughtered calves had been preserved in a refrigerating plant and were produced as exhibits. The attention of the jury was called by one of the witnesses to certain physical conditions of one of the calves which indicated that the calf was less than 10 days old.

Respondents further complain that three of plaintiff's witnesses did not make a sufficient examination so as to be able to testify that all of the 70 calves

were under four weeks of age, and hence the admission of such testimony was prejudicial error. One of these witnesses stated that he had observed that all of the calves had been slaughtered; another that he examined all of the calves; and in the deposition of the deceased witness, heretofore referred to, he stated that the two calves he selected as exhibits represented an average of the entire group. The jury could take the testimony for what it was worth and it was for them to determine whether or not the statements that all of the calves were under four weeks of age were exaggerations. It was not necessary for the prosecution to show that all of the calves were under four weeks of age.

Respondents further claim that the verdict was against the great weight of the evidence and that the testimony of the veterinarians should have outweighed that of the lay witnesses. We do not believe there is merit to this claim. The credibility of the witnesses and the value of their testimony became a question for the jury and the verdict is well supported by the evidence. It is further claimed that there was no adequate proof that both defendants were in possession of the calves with the intention of selling them. The record has been read with care. Testimony as to the actions of both defendants fully justifies the finding of the jury. It would serve no useful purpose further to detail all the facts.

Judgment of conviction is affirmed.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.