TEK-NI-KAL EMPLOYEES CREDIT UNION *v.* ATKINS.

1. Fraud—Burden of Proof.

One claiming fraud has the burden of proof, and when relief is sought on that ground it must be proved clearly and conclusively.

2. Same—Evidence—Interested Party.

Fraud can be established by testimony of 1 interested witness if the evidence is not counterbalanced by equally convincing proof.

3. Witnesses—Interested Party—Credibility.

Interest of a witness goes only to his credibility and the weight of his evidence, and the effect of his testimony is for the trier of fact.

4. Fraud—Previous Debt—Bankruptcy.

Finding of trial court that defendant sustained burden of proof of his affirmative defense of fraud in action by plaintiff credit union to recover money loaned to defendant, where defendant testified that he signed blank forms for a loan and a promissory note, explained to loan manager that he wanted to buy a car but did not know if he could get credit because of his bankruptcy, and that loan manager told defendant that if he would sign the application the manager would submit it for loan committee approval, and that defendant never knew that the loan was made and had no notice of money in his account *held*, proper, where there was no evidence denying defendant's assertion of fraud, and where the proceeds were used by credit union to pay a debt of defendant to it which had been discharged in bankruptcy, rather than to purchase an automobile.

---

References for Points in Headnotes
[1] 37 Am Jur 2d, Fraud and Deceit § 437.
[2-4] 37 Am Jur 2d, Fraud and Deceit § 471.

Appeal from Oakland, Moore (Arthur E.), J. Submitted Division 2 June 8, 1967, at Detroit. (Docket No. 1,795.) Decided June 25, 1968.

Complaint by Tek-Ni-Kal Employees Credit Union, a Michigan corporation, against Rodney W. Atkins to recover money loaned. Judgment for defendant. Plaintiff appeals. Affirmed.

*Zweig, Taback & Remer,* for plaintiff.

*Nolan, Hoeberling & Bromley (Kenneth A. Roy,* of counsel), for defendant.

T. G. KAVANAGH, J. Some time prior to December, 1963, defendant borrowed $1,500 from plaintiff and did not repay the loan. The debt was listed and discharged in bankruptcy.

On December 3, 1963, the defendant went to plaintiff's office and signed an "application for loan" form and a promissory note form.

The plaintiff brought this suit on the note claiming that the defendant had executed the note to "resecure" his credit with the plaintiff, that cash was given to him to apply on the prior indebtedness and $77.78 in cash was credited to a savings account in defendant's name.

The defendant admitted signing the instruments but asserted that the forms were not filled in when he signed them; that he explained to the loan manager that he wanted to buy a car but did not know if he could get credit in view of his bankruptcy, which obligation he could not then repay; that plaintiff's loan manager told him if he would sign the application he would submit it for loan committee approval and see if he could get credit to purchase an automobile; that he did not know that the loan

was made and had no notice of the money said to be in his account.

At the trial the plaintiff produced only one witness, the current credit manager, who had no first hand knowledge of the transaction, but who explained the plaintiff's record keeping procedure and identified the application, note and other records which were admitted as evidence.

The defendant was the only defense witness and he testified as indicated above.

At the conclusion of proofs the trial court ruled that he believed the defendant's version of the transaction and gave judgment of no cause of action holding the defendant had sustained the burden of proof of his affirmative defense.

The appeal asserts the court erred in holding that the defendant's testimony without independent supporting evidence could be held to establish fraud, and that accordingly the court erred in finding that defendant had sustained his burden of proof.

Argument similar to that advanced here by plaintiff was urged in *Schiessler* v. *Pierce* (1923), 225 Mich 91. In that case in support of the rule that the burden of proof is on the one asserting fraud, the following language from *Hutchinson* v. *Poyer* (1889), 78 Mich 337, 340 was cited:

"It is an elementary principle that he who impugns a transaction as fraudulent, which may or may not be so is not sustained by his own assertion alone in case he is disputed, but has the burden on him to make his allegation good by independent evidence; for he who alleges that a transaction was fraudulent must prove it."

In *Schiessler* the court rejected the argument and stated (p 95):

"Counsel assume that under these holdings the denial by the defendants that they made the state-

ments testified to by plaintiffs precludes recovery, without additional proof, as a matter of law. We do not so read these decisions. It may be well said that where interested witnesses testify to facts tending to establish fraud and other witnesses, also interested, and for all that appears fully as credible, deny the truth thereof, the fraud is not proved. *Allison* v. *Ward* (1886), 63 Mich 128. Plaintiff's case fails, not by reason of the want of testimony of witnesses other than the parties interested, but because the facts are not established by clear and convincing proof. The rule applies to the weight of the evidence and not to the character of the proof necessary to sustain the charge made. The words, 'independent evidence,' used in the *Hutchinson Case,* refer only to evidence outside the pleadings."

Thus is it clear that fraud can be established by the testimony of but one interested witness if such evidence be not counterbalanced by equally convincing proof. Since interest in a witness only goes to his credibility and hence the weight of his evidence, the effect of his testimony is for the trier of the fact.

In this case there was no evidence denying defendant's assertion of fraud, and the disposition of the proceeds of the loan by plaintiff in payment of the discharged debt rather than for the purchase of any auto clearly supports defendant's testimony.

Affirmed, with costs to defendant.

FITZGERALD, P. J., and LEVIN, J., concurred.