SHELBY TOWNSHIP v BLOOMSTRAND

CONTRACTS—GUARANTEES—DURESS—BURDEN OF PROOF.

A party to a contract guaranteeing the installation of a fire sprinkler system in exchange for the grant of a building permit by a township, who alleges that the guarantee was given under duress, has the burden of proving it.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 April 10, 1975, at Detroit. (Docket No. 20497.) Decided May 29, 1975.

Complaint by the Township of Shelby against Robert Bloomstrand and Richard Francen, seeking specific performance of a contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Roy W. Rogensues,* for plaintiff.

*Stavoe & Deegan,* for defendants.

Before: R. B. BURNS, P. J. and M. J. KELLY and O'HARA,* JJ.

M. J. KELLY, J. On April 3, 1969, the Shelby Township Clerk issued defendants a building permit "pending installation of sprinkler system and exit lights (Fire Marshall request)". In September of 1969, a fire damaged the subject building. Before he would approve the issuance of a second building permit, the fire marshal insisted on a

REFERENCE FOR POINTS IN HEADNOTE

25 Am Jur 2d, Duress and Undue Influence § 31.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

written guarantee from defendants that a fire-prevention sprinkler system would be installed. A letter guaranteeing installation of a sprinkler system was sent to the fire marshal by defendants on October 21, 1969. A second building permit was issued on November 11, 1969.

Defendants failed to install the sprinklers. After extrajudicial attempts to resolve the problem proved fruitless, plaintiff brought suit seeking judicial enforcement of the "guarantee". From an order granting the requested relief, defendants appeal.

We have carefully examined the claims of evidentiary error. The township ordinance was properly pleaded and introduced into evidence. MCLA 600.2116; MSA 27A.2116; GCR 1963, 112.7. No reversible error resulted from the introduction of the October 21, 1969 letter, since defendant admits writing the letter and conceded the nature of its contents.

The trial court did not err in requiring defendants to install the sprinkler system. Plaintiff properly pleaded a contract claim and the relief ordered was appropriate.

At trial, defendants argued that the township was not authorized by ordinance to demand the installation of sprinklers in their building. Since plaintiff failed to show authorization, defendants argue, the trial judge erred in not finding that the consent of defendants was unlawfully obtained. If the evidence did reveal the actions of the township to be illegal, defendants would prevail. *Beachlawn Building Corp v City of St Clair Shores*, 370 Mich 128; 121 NW2d 427 (1963). Since no evidence directly on point was introduced, the decisional question is: who bore the burden of introducing evidence of whether the township was authorized to demand the installation of sprinklers.

The letter written by defendants manifests their apparent voluntary consent to erect the sprinklers in exchange for the license. Despite this, they claim that in reality they did not voluntarily consent. We find persuasive the reasoning of *Hutchinson v Poyer,* 78 Mich 337, 340; 44 NW 327 (1889):

"It is an elementary principle that he who impugns a transaction as fraudulent which may or may not be so is not sustained by his own assertion alone in case he is disputed, but has the burden on him to make his allegation good by independent evidence; for he who alleges that a transaction was fraudulent must prove it."

Defendants failed to present evidence in support of their claim that plaintiff was unauthorized to require fire prevention mechanisms in the building. Since defendants failed to prove their duress defense, the trial judge properly rejected it.

Affirmed. Costs to plaintiff.