SCHNEIDER v FOX

1. LIMITATION OF ACTIONS—CONTRACTS—SPECIFIC PERFORMANCE—
   STATUTES.

   A suit for specific performance is seasonable if filed within six
   years of the date the claim first accrued; however, where a
   vendor dies before or within 30 days after the expiration of the
   limitations period a statute extends the time for suit an addi-
   tional two years after the grant of letters testamentary (MCLA
   600.5807[8], 600.5852; MSA 27A.5807[8], 27A.5852).

2. VENDOR AND PURCHASER—LAND CONTRACTS—LAND CONVEYANCES—
   SPECIFIC PERFORMANCE—DEATH OF VENDOR—AUTHORITY OF FI-
   DUCIARY—JURISDICTION—STATUTES.

   A fiduciary is authorized to convey lands to a vendee where all
   conditions precedent are met and where the vendor dies before
   the conveyance can be completed; a vendee, under a land sale
   contract, is permitted to sue for specific performance in either
   the probate or circuit court where a fiduciary of the decedent-
   vendor refuses to convey the property (MCLA 707.19, 709.49,
   709.54; MSA 27.3178[399], 27.3178[509], 27.3178[514]).

3. STATUTES—CONSTRUCTION—CONTRACTS—REVOCATION—SPECIFIC
   PERFORMANCE.

   Courts are required to give due weight to each and every provi-
   sion within a statute and where a statute expressly states that
   any post-will contract to sell property does not work a revoca-
   tion of the devise, unless clearly intended, and that the prop-
   erty shall pass to the devisee, this provision specifically pre-
   serves a vendee's right of specific performance against the
   devisee for the rights in land possessed and devised by the
   testator (MCLA 702.10; MSA 27.3178[80]).

4. EQUITY—VENDOR AND PURCHASER—LAND CONTRACTS—LACHES—
   FINDINGS OF FACT—APPEAL AND ERROR.

   A claim that it is inequitable under the doctrine of laches to
   enforce presently an old contract for the sale of real estate

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 71 Am Jur 2d, Specific Performance § 187.
[2–4] 77 Am Jur 2d, Vendor and Purchaser §§ 275, 320.

where because of the time lapse there has been a marked escalation of land value is unpersuasive to the Court of Appeals where the trial court found that the testator, before death, acknowledged the existence of the contract and thought it a valuable investment and also found that the delay in payment or performance of the contract was not caused by the plaintiff vendee; on *de novo* review the Court of Appeals gives due regard to the trial court's superior ability to assess credibility and demeanor of the witness.

Appeal from Ottawa, Calvin L. Bosman, J. Submitted December 7, 1976, at Lansing. (Docket No. 27881.) Decided February 3, 1977.

Complaint by Edwin J. Schneider against William E. Fox, executor of the estate of Arthur O'Hearn and Home for the Aged of the Little Sisters of the Poor, Inc., for specific performance of a contract to convey real estate. Judgment for plaintiff. Defendants appeal. Affirmed.

*James W. Bussard,* for plaintiff.

*Bergstrom, Slykhouse & Shaw* (by *James G. Black),* for defendants.

Before: D. E. HOLBROOK, P. J., and ALLEN and D. C. RILEY, JJ.

PER CURIAM. On August 7, 1973, Arthur O'-Hearn died, leaving behind not only the usual assortment of personal effects but also a lawsuit waiting to happen. The facts are these: in a will dated October 7, 1958, O'Hearn specifically devised a 40-acre tract in Ottawa County to the defendant, Home for the Aged of the Little Sisters of the Poor, Inc., (hereinafter, "Home"). Nine years later, on December 20, 1967, O'Hearn contracted in writing to sell the identical parcel to plaintiff for $6,000, taking a $100 check as a deposit.

After O'Hearn's death, his will was admitted to probate, and defendant William E. Fox was appointed executor on September 13, 1973. Plaintiff then instituted suit for specific performance against defendant Fox and filed a *lis pendens* on July 12, 1974. By stipulation, Home was added as a party defendant on December 12, 1974. The lower court in its opinion of November 14, 1975, ruled that the written contract sufficed for statute of frauds purposes,[1] that the statute of limitations did not bar suit and that the equitable defense of laches could not be lodged against plaintiff.

Defendants maintain on appeal that plaintiff's action was not timely filed against defendant Home[2] since title to the property had already passed to Home on the date of O'Hearn's death.

In the present case, two statutory provisions combine to determine the applicable limitations period. Under MCLA 600.5807(8); MSA 27A.5807(8) and its attendant committee comment which we expressly adopt, a suit for specific performance is seasonable if filed within six years of the date the claim first accrued.[3] Where, however, the vendor,

---

[1] The defendants do not appear to dispute this portion of the judge's ruling.

[2] The defendants concede plaintiff's suit is timely vis a vis defendant Fox.

[3] "Sec. 5807. No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(8). The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.

"Committee comment. Section 5807 states the periods of limitations relating to contract damage remedies and extends their application to actions for specific performance of contracts." MCLA 600.5807(8); MSA 27A.5807(8) and Committee Comment.

In this case, there being no precise time for performance specified

as here, dies before or within 30 days after the expiration of the limitations period, MCLA 600.5852; MSA 27A.5852 extends the time for suit an additional two years after the grant of "letters testamentary".[4] Since plaintiff commenced his action against Home well within the extended time allowed by MCLA 600.5852, we believe the lower court correctly ruled that the statute of limitations was no impediment to suit.

This conclusion is buttressed by other statutory provisions which here obtain. Specifically, MCLA 707.19; MSA 27.3178(399) authorizes a fiduciary to convey lands to a vendee where all conditions precedent are met and where the vendor dies before the conveyance can be completed.[5] More-

in the contract, plaintiff could have sought the contract's enforcement at any time within the six-year limitations period. *See* 71 Am Jur 2d, Specific Performance, § 63, pp 91–92.

[4] MCLA 600.5852; MSA 27A.5852 provides:

"Sec. 5852. If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by or against the executor or administrator of the deceased person or the claim may be proved as a debt against the estate of the deceased person, as the case may be, at any time within 2 years after letters testamentary or letters of administration are granted, although the period of limitations has run, subject to the limitations provided in section 20 of chapter 8 of Act No. 288 of the Public Acts of 1939, being section 708.20 of the Compiled Laws of 1948. But no executor or administrator shall bring an action under this provision unless he commences it within 3 years after the period of limitations has run."

It should be noted that contract actions and rights survive the death of the parties. *See In re Traub Estate,* 354 Mich 263; 92 NW2d 480 (1958).

[5] In germane part, MCLA 707.19; MSA 27.3178(399) states:

"Sec. 19. In case a person shall have contracted, or shall contract to convey any land, or right, interest, or claim in or to lands, and shall have died, or shall die, before he shall have executed, or shall execute, deeds or conveyances in pursuance of such contract, leaving such contract subsisting and in force, * * * and when such contract shall have been performed so as to entitle the party thereto, or his assigns, to have a deed or conveyance to him executed under the terms of the contract of the premises thereby contracted, the fiduciary shall be authorized and empowered to execute, duly acknowledge, and deliver deeds or conveyances of the contracted premises in pursuance

over, MCLA 709.49; MSA 27.3178(509) and MCLA 709.54; MSA 27.3178(514) taken together permit a vendee under a land sale contract to sue for specific performance in either the probate or circuit court where a fiduciary of the decedent-vendor refuses to convey the property.[6]

Thus, the trial court properly held, as we do, that if defendant's contention were to govern (*i.e.,* "that the will passes title retroactive to the date of death in this case running the statute of limitations as against the specific devisee"), it would effectively nullify MCLA 707.19, 709.49, 709.54 and MCLA 709.52; MSA 27.3178(512). To adopt defendant's interpretation would violate the familiar constructional rule requiring courts to give due weight to each and every provision within a statute. See, *General Motors Corp v Erves,* 395 Mich 604, 617, 631; 236 NW2d 432 (1975), *Dussia v Monroe County Employees Retirement System,*

of the terms of the contract, to the party contracting to purchase, or his assigns, with like effect as if the party contracting to convey had himself executed and delivered such deed or conveyance."

[6] "Sec. 49. When any person owning a vendor's interest in a land contract in writing, however acquired, shall die before making the conveyance or when a guardian shall be appointed for such person before he has made such conveyance and the fiduciary of the estate of such person, after payment or tender of the balance due on the said contract, shall not have made or shall refuse to make conveyance of said real estate in accordance with the provisions of section 19 of chapter 7 of this act, any person claiming to be entitled to such conveyance from the fiduciary may file a petition setting forth the facts upon which such claim is predicated, and the judge of probate shall make an order appointing a time and place for hearing such petition, a copy of which order shall be served upon the parties designated therein in the manner provided in sections 32 to 35 of chapter 1 of this act." MCLA 709.49; MSA 27.3178(509).

"Sec. 54. The jurisdiction herein conferred upon the probate court shall not be deemed to be exclusive of the jurisdiction of the circuit court in chancery, but any person entitled to such specific performance, may at his election, file his bill in equity therefore." MCLA 709.54; MSA 27.3178(514).

*See also* MCLA 709.52; MSA 27.3178(512) which authorizes the trial court to order the parcel transferred on a finding that the vendee is so entitled.

386 Mich 244, 248; 191 NW2d 307 (1971), *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971), and *Peters v Dept of State Highways,* 66 Mich App 560, 563; 239 NW2d 662 (1976).

Defendants assert that the lower court's construction of the foregoing statutes renders nugatory MCLA 702.10; MSA 27.3178(80).[7] We are not persuaded. On the contrary, the provision meshes well with MCLA 707.19, 709.49, 709.52 and 709.54; indeed, the statutes operate in synergy. While MCLA 702.10 expressly states that any post-will contract to sell property does not work a revocation of the devise (unless clearly intended) and that the property shall pass to the devisee, this provision, like the others heretofore considered, specifically preserves the vendee's right of specific performance against the devisee.

Since a devisee can take rights in land no greater than those possessed by the testator, *Ripley v Seligman,* 88 Mich 177, 195; 50 NW 143 (1891), we hold Home's title to the 40 acres to be subject to, pursuant to the forementioned statutes, plaintiff's valid claim for specific performance. Hence, no error flowed from the lower court's order to enforce the conveyance.

---

[7] MCLA 702.10; MSA 27.3178(80) provides:

"Sec. 10. Whenever any testator, after the execution of his will, makes a contract for the sale or conveyance of any property therein specifically devised or bequeathed to any person and the whole or any part of the purchase money remains unpaid at such testator's death, the disposition of the property by such contract shall not be deemed a revocation of the devise or bequest either at law or in equity unless it ·clearly appears by the contract or by some other instrument in writing to be intended as a revocation, and such property then shall pass to such devisee or legatee subject to the same remedy for specific performance thereof in favor of persons entitled thereto, against the person to whom such devise was made, as might be had in law or in equity against the heirs of such testator had the same descended or passed to them, and any portion of the purchase money recovered by the executor of the testator shall be paid to the devisee or legatee of such property."

Lastly, defendants contend that it is inequitable under the doctrine of laches to enforce presently a contract formed in 1967, given the marked escalation of land values since that time. On this issue, the lower court held:

"While this Court is well aware of the increment in value of real estate from 1967 to 1974, this Court, based on the testimony of Rosemary VanderLaan [decedent's cousin,] notes that until just prior to his death, Arthur O'Hearn not only acknowledged the existence of the contract with plaintiff, but also opined that this manner of property holding was to his advantage as a valuable investment. Through plaintiff's testimony the Court learned that the reason for the delay in performing the contract was because Arthur O'Hearn didn't want payment and transfer of title until his death. Whatever advantages, if any, there existed by the delay to Mr. O'Hearn this Court does not know. This Court is satisfied, however, that the delay was caused by Arthur O'Hearn and not plaintiff."

Having reviewed the entire record *de novo,* and according due regard to the trial court's superior ability to assess the credibility and demeanor of the witnesses, we hold that the lower court's finding absolving plaintiff of laches is not clearly erroneous. *Rhoades v Barcal,* 65 Mich App 315, 319; 237 NW2d 306 (1975). No different result would we have reached had we occupied the factfinder's chair. Accordingly, this cause is affirmed.

Costs to plaintiff.