RUEGSEGGER v BANGOR TOWNSHIP RELIEF DRAIN

Docket No. 61176. Submitted April 5, 1983, at Lansing.—Decided July 7, 1983.

The defendants, Bangor Township Relief Drain and Branches Drainage District, obtained a right-of-way over the property of plaintiff Glenn R. Ruegsegger for the purpose of installing a storm sewer and drain. The agreement was negotiated by the defendants' agent and provided for a consideration in the amount of $4,000 and in addition required the defendants to clear concrete rubble existing during the construction of the sewer from the north 80 feet of the property described in the agreement. When the concrete rubble was not removed according to the agreement, plaintiff filed a complaint in the Bay Circuit Court seeking specific performance. During the pendency of the action the 4-D Corporation purchased the business and property of Mr. Ruegsegger and was added as a plaintiff. The trial court, Eugene C. Penzien, J., thereafter entered an opinion and judgment requiring specific performance. Defendants appeal alleging that the trial court lacked the discretion to grant specific performance since the legal remedy of damages was complete, adequate, and practicable and that, even if the court did have equitable jurisdiction, specific performance was inappropriate in the instant case. *Held:*

1. The trial court had equitable jurisdiction to award specific performance of the contract as it would have been impracticable to award damages.

2. The defendants' contention that the contract did not meet the equitable standard of fairness, was one-sided and the product of overreaching, is without merit.

3. Defendants' claim that the contract was not free of surprise and would impose a hardship on defendants is also without merit.

4. Since the legal remedy of damages was found to be

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, Specific Performance § 10.
[2] 22 Am Jur 2d, Damages § 200 *et seq.*
[3] 3 Am Jur 2d, Agency § 84.
  17 Am Jur 2d, Contracts § 59.

inappropriate, defendants' claim regarding plaintiffs' failure to mitigate damages is without merit. Moreover, any increase in the performance required was caused by defendants' own delay.

    5. The defense of laches is not appropriate under the facts.

Affirmed.

1. EQUITY — CONTRACTS — SPECIFIC PERFORMANCE.

    The equitable remedy of specific performance may be awarded in an action on a contract where the trial court finds that the legal remedy of damages is impracticable.

2. CONTRACTS — SPECIFIC PERFORMANCE — MITIGATION OF DAMAGES — INCREASED PERFORMANCE.

    A defendant's contention that the plaintiff in a contract action has failed to mitigate his damages but instead increased the performance required of the defendant is irrelevant where the trial court determines that specific performance of the contract is appropriate because it would be impracticable to award damages and is without merit where any increase in performance was caused by the defendant's own delay in performing the contract.

3. CONTRACTS — AGENCY — LACHES.

    A defendant cannot establish an agent to negotiate and carry out an agreement with a plaintiff and then, as a laches defense, hold the plaintiff responsible because the agent does not communicate with the defendant concerning the agreement.

*Patterson, Gruber & Kennedy* (by *Robert W. Gruber),* for Glenn R. Ruegsegger.

*James G. Halverson & Associates, P.C.* (by *James G. Halverson),* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and HOOD and T. M. GREEN,* JJ.

PER CURIAM. The dispute herein arose out of a release of a right-of-way to appellants obtained from appellee Ruegsegger to enable appellants to proceed with a construction project involving the installation of a storm sewer and drain. Mr. Bacon, an employee of appellants' engineering firm,

* Circuit judge, sitting on the Court of Appeals by assignment.

Edmands Engineering, Inc., negotiated the agreement on behalf of appellants. After concluding the preliminary negotiations with appellee Ruegsegger and obtaining approval from appellants' board, Mr. Bacon took the release to appellee Ruegsegger for completion. Prior to completion a footnote which is the primary subject of this dispute was added by appellee's lawyer:

"* Party of the Second Part further agrees that the North eighty feet (80') of aforesaid described property shall be cleared of concrete rubble existing during construction of storm sewer on subject property."

Mr. Bacon apparently approved the addition on behalf of appellants and appellee Ruegsegger completed the conveyance of the interests in land by executing said release. The release agreement provided for a consideration of the sum of $4,000 "and see footnote*". Appellants did not remove all of the concrete rubble over the north 80 feet of appellee Ruegsegger's property and it is for this reason that a dispute arose. It is disputed as to when appellants moved off the site although the record indicates the heavy construction equipment was not finally off appellee's property until sometime in the summer of 1977. Appellee Ruegsegger filed a complaint seeking specific performance of the above-quoted provision in October of 1978. During the pendency of the cause below appellee 4-D Corporation purchased the business and property of appellee Ruegsegger. At the conclusion of trial the trial court entered an opinion and judgment requiring specific performance. Defendants appeal as of right.

Appellants first claim that the trial court lacked the discretion to grant specific performance as the legal remedy of damages was complete, adequate,

and practicable. We disagree. The equitable remedy of specific performance may be awarded where the legal remedy of damages is impracticable. Impracticability has been described as follows:

"Where, from some special and practical features or incidents of the contract inhering either in its subject-matter, or its terms, or in the relations of the parties, it is impossible to arrive at a legal measure of damages at all, or at least with any sufficient degree of certainty, so that no real compensation can be obtained by means of an action at law; or in other words, where damages are impracticable." 4 Pomeroy, Equity Jurisprudence (5th ed), § 1401, p 1034.

We agree with the trial court that:

"Under the circumstances, one would be hard put, if damages were awarded, to determine whether damages should be awarded to plaintiff (appellee Ruegsegger) or to 4-D or both and if so, what part to each * * *."

"*While* it *might* be possible to ascertain damages, it is *at least questionable* whether the damages could be ascertained without having the work actually performed." (Emphasis added.)

We find the trial court had equitable jurisdiction to award specific performance of the contract as it would have been impracticable to award damages.

Lastly, appellants claim that, even if the trial court's equitable jurisdiction was properly in place, specific performance was inappropriate in the instant case. Appellants set forth in their brief several reasons why they believe specific performance was inappropriate herein. These reasons will be addressed *seriatim.*

First, appellants contend the contract did not meet the equitable standard of fairness but was one-sided and the product of overreaching by ap-

pellee Ruegsegger. This contention is without merit. Having reviewed the record, we hold the trial court properly found that this "claim is clearly frivolous and there is absolutely no evidence in the record to support it".

Second, appellants contend the contract was not free of surprise and would impose a hardship as well as be harsh on appellants. We disagree. It is clear that the existence of the contract was known to appellants and their agents. No rationale or reason has been set forth explaining why appellants now claim ignorance of its terms. Additionally, our review of the record reveals that the portion of the contract in dispute was brought to the attention of appellants and their agents by appellee Ruegsegger shortly after appellants had left the construction site. Yet, appellants and their agents have done nothing to honor the agreement they entered into. Under these circumstances, we find it is not harsh to require appellants to abide by said agreement. See *Shelby Twp v Bloomstrand,* 61 Mich App 443; 232 NW2d 736 (1975).

Third, appellants contend that appellees failed to mitigate their damages but instead increased the performance required of appellants. This contention is without merit. We have previously determined that the legal remedy of damages was inappropriate herein. Hence, a discussion of mitigation of damages is irrelevant. Moreover, we find any increase in performance was caused by appellants' own delay in performing said contract.

Finally, appellants contend appellees should be estopped from enforcing the contract by application of the defense of laches. We disagree. Appellee Ruegsegger testified that, between the time that appellants left his property and the time of filing suit, he made repeated inquiries to agents of

appellants and was assured that the clearing would be done. Appellants cannot establish Edmands Engineering and its employees as its agents to negotiate and to carry out the agreement and then, as a laches defense, hold appellee Ruegsegger responsible because said agents allegedly did not communicate with appellants concerning the agreement. When appellee Ruegsegger ultimately talked to appellants he was told they had no intention of clearing his property. At that point, appellee filed the lawsuit. Any prejudice to appellants resulted from their own inability to properly perform the contract. *Schneider v Fox,* 73 Mich App 595, 601; 252 NW2d 530 (1977).

Having reviewed the record and given due regard to the trial court's ability to assess the credibility and demeanor of the witnesses, we hold the trial court's findings in the instant case were not clearly erroneous. *Schneider, supra; Miller v Magline, Inc,* 76 Mich App 284, 293-294; 256 NW2d 761 (1977).

Affirmed.