BEACHLAWN BUILDING CORPORATION *v.*
CITY OF ST. CLAIR SHORES.

1. MUNICIPAL CORPORATIONS—BUILDING PERMITS—ILLEGAL FEES.

Applicant for building permits which paid fees under invalid
amendments to city ordinance requiring such permits was en-
titled to recover such payments, since they had been made
involuntarily in order to proceed with business of building
houses.

2. SAME—BUILDING PERMIT—PAYMENT OF ILLEGAL FEES UNDER PRO-
TEST—EVIDENCE.

Protest of payment of an involuntarily paid invalid building per-
mit fee *held*, not an essential element of applicant's action to re-
cover such fees which had been exacted by city in order to ob-
tain building permits that had been validly required, hence evi-
dence that such fees had not been paid under protest was
properly excluded.

3. SAME—BUILDING PERMIT FEES—JUDGMENT.

Applicant for validly required building permits which defendant
city would not issue unless applicant paid fees required by
an invalid amendment to the ordinance requiring the permit
was entitled to directed verdict and judgment for the un-
disputed amount of the illegal exactions.

Appeal from Macomb; Vander Wal (John H.), J.,
presiding. Submitted June 9, 1965. (Calendar No.
4, Docket No. 50,633.) Decided October 4, 1965. Re-
hearing denied January 5, 1966.

Action by Beachlawn Building Corporation, a
Michigan corporation, against the City of St. Clair

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 38 Am Jur, Municipal Corporations § 380.
  40 Am Jur, Payment §§ 161, 176, 179.
[2] 40 Am Jur, Payment § 180.

Shores, a municipal corporation, to recover excessive fees paid for building permits under invalid ordinances. Directed verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Schuur & Keating (Patrick J. Keating,* of counsel), for plaintiff.

*John H. Yoe,* for defendant.

Souris, J. In *Beachlawn Building Corporation* v. *City of St. Clair Shores* (1963), 370 Mich 128, we reversed the trial judge's grant of defendant's motion for directed verdict made at the close of plaintiff's proofs. In the process of reaching that decision our opinion stated the law of the case to be applied in the new trial ordered. The law of the case, as we restated it soon thereafter in *Theatre Control Corp.* v. *Detroit* (1963), 370 Mich 382, 388, is that Beachlawn is entitled to maintain an action to recover fees paid by it for building permits under an ordinance which was held to be invalid in *Merrelli* v. *City of St. Clair Shores* (1959), 355 Mich 575. While the record before this Court in the 1963 *Beachlawn Case* contained evidence that Beachlawn had protested payment of some, if not all, of the fees exacted from it for building permits, such evidentiary proof was not essential to plaintiff's assertion of a cause of action according to the rationale of our decision. The controlling issue in such cases, we said, is whether the payments made were voluntary or under compulsion or duress so as to be involuntary and not whether the payments were made under protest. Since plaintiff could not have proceeded safely to build houses without permits from defendant, required by valid ordinance antedating the amendments declared invalid in *Merrelli, supra,* we concluded that plaintiff's payments were involuntary

because plaintiff had to pay what defendant demanded or give up its business. In support we cited *Pingree* v. *Mutual Gas Co.* (1895), 107 Mich 156; and *City of Saginaw* v. *Consumers Power Co.* (1943), 304 Mich 491, and other earlier decisions of this Court.

On the retrial, defendant offered evidence that plaintiff had not protested payment of the invalid building permit fees notwithstanding our opinion in the 1963 appeal in which we said that the fact of protest was not an essential element of plaintiff's case. The trial judge correctly excluded proof of such evidence, plaintiff's right to recover the amount paid even absent protest, because paid involuntarily, having been determined in the 1963 appeal.

Plaintiff, on the retrial, having proved the amount paid without contradiction by defendant, was entitled to the directed verdict and judgment in its favor.

All other questions raised by defendant in this appeal were considered and decided in *Merrelli, supra.*

Affirmed. Costs may be taxed in plaintiff's favor.

T. M. Kavanagh, C. J., and Dethmers, Kelly, Smith, O'Hara, and Adams, JJ., concurred with Souris, J.

Black, J., concurred in result.