NORTHVIEW CONSTRUCTION COMPANY *v.*
CITY OF ST. CLAIR SHORES.

1. ACTION—CLASS ACTION—INADEQUACY OF NOTICE.
   Summary judgment for defendant city as to class action brought
   by 3 building and construction companies to recover fees paid
   to the city for building permits as required by invalid ordi-
   nance *held,* error where it was based on inadequacy of notice
   to members of the class and trial court found it was not shown
   that the class was so numerous as to make it impractical to
   bring all the class before the court.

2. SAME—CLASS ACTION—CURING INADEQUACY OF NOTICE.
   Inadequacy of notice to a class in a class action can be cured
   by an order of the court that notice be given to absent persons
   that they may come and present claims and defenses, and the
   response to such an order by members of the class will be
   dispositive of the issues of adequacy of representation and
   the practicality of bringing all members of the class before
   the court (GCR 1963, 298.4).

3. SAME—CLASS ACTION—NOTICE TO ABSENT PERSONS—GUIDELINES.
   Trial court *held,* required to order notice of class action for
   recovery of fees paid under invalid city ordinance be given
   to absent members of the class so that they might present
   claims and defenses and its order should consider that the
   actions of the parties precluded either from raising the stat-
   ute of limitations where action was commenced in 1961 and
   adjourned by stipulation from time to time until determina-
   tion of leading case by Supreme Court in 1965, in deter-
   mining which party had burden of serving the order on the
   members of the class, consideration must be given to the fact
   that the information from which adequate notice could have
   been had in the first instance was and remains available to
   plaintiffs, and that a court of equity having acquired juris-
   diction retains it for complete relief (GCR 1963, 208.4).

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 39 Am Jur, Parties § 44 *et seq.*

Appeal from Macomb; Gallagher (Edward J.), J. Submitted Division 2 February 6, 1968, at Lansing. (Docket No. 3,599.)   Decided June 26, 1968.   Leave to appeal denied September 4, 1968.   See 381 Mich 773.

Bill of complaint by Northview Construction Company, R and L Building Company, and Sunnyview Building Company, all Michigan corporations, for themselves and on behalf of all other members of their class against City of St. Clair Shores, a municipal corporation, to recover fees paid to defendant for building permits required by ordinance which was held invalid.   Summary judgment for defendant.   Plaintiffs appeal.   Reversed and remanded.

*Honigman, Miller, Schwartz & Cohn (Norman Hyman,* of counsel), for plaintiff.

*Yoe, Casey & Moore (Robert M. Fraser,* of counsel), for defendant.

QUINN, P. J.   July 27, 1960, plaintiffs filed their complaint in chancery individually and as a class action under Court Rule No 16 (1945)[1] to recover fees paid to defendant for building permits as required by an ordinance of defendant, which was held invalid in *Merrelli* v. *City of St. Clair Shores* (1959), 355 Mich 575.   Defendants answered and plaintiffs replied.   Thereafter, by stipulation, the cause was adjourned from time to time and ultimately until final decision of *Beachlawn Building Corporation* v. *City of St. Clair Shores* (1963), 370 Mich 128, and (1965), 376 Mich 261.   November 17, 1965, defendant filed motion for summary judgment under GCR

---

[1] Presently GCR 1963, 208.

1963, 117.2(1) as to the class action, and this motion was granted by order of April 3, 1967. Plaintiffs appeal.

The allegations of plaintiffs' complaint are sufficient to constitute it a class action under Court Rule No 16, § 1(c) (1945),[2] but the record does not contain proof of service of adequate notice on the members of the class, and no binding relief for or against members of the class can possibly be granted on the present record nor can a determination be made of the adequacy of the representation.

In granting summary judgment, the trial court relied on the inadequacy of notice and the court's finding that it was not shown that the class was so numerous as to make it impractical to bring all the class before the court. We believe the trial court was in error on both grounds. The inadequacy of notice can be cured by an appropriate order under GCR 1963, 208.4, and the response to such an order by members of the class will be dispositive of the issues of adequacy of representation and the practicality of bringing all members of the class before the court.

For the guidance of the trial court in making its order under GCR 1963, 208.4, it is suggested that the actions of the parties have precluded either from raising the statute of limitations; that in determining which party shall have the burden of serving the above order on the members of the class, consideration be given to the fact that the information from which adequate notice could have been had in the first instance was and remains available to plaintiffs, and that a court of equity having acquired jurisdiction, retains it for complete relief. *Stern-berg* v. *Baxter* (1964), 373 Mich 8, especially the quotation from *Brown* v. *Kalamazoo Circuit Judge*

_____
[2] Presently GCR 1963, 208.1(3).

(1889), 75 Mich 274, 280, found at the top of page 19 of *Sternberg.*

Reversed and remanded for entry of an appropriate order under GCR 1963, 208.4 and for such further proceedings as may be required.

T. G. KAVANAGH and CORKIN, JJ., concurred.