BOND *v.* ANN ARBOR SCHOOL DISTRICT

1. CONSTITUTIONAL LAW—CONSTRUCTION OF CONSTITUTION.
   A constitutional provision is to be construed with reference to the state of the law or custom at the time of its adoption.

2. SCHOOLS AND SCHOOL DISTRICTS—CONSTITUTIONAL LAW—EDUCATION—FREE PUBLIC SCHOOLS—COSTS OF BOOKS—STATUTE.
   Constitutional provision directing that the legislature shall maintain and support a system of free public elementary and secondary schools *held*, not to bar a school system from requiring pupils to purchase needed books and materials in light of statutory provision in effect when the Constitution was adopted that a school district may not furnish pupils free books without the approval of the voters of the school district (Const 1963, art 8, § 2; MCLA § 340.884).

3. TRIAL—FINDINGS OF FACT—APPEAL AND ERROR—COURT RULES.
   Findings of fact are not set aside on appeal unless clearly erroneous in actions tried without a jury (GCR 1963, 517.1).

4. SCHOOLS AND SCHOOL DISTRICTS—CONSTITUTIONAL LAW—FREE PUBLIC EDUCATION—COSTS OF BOOKS—FINDINGS OF FACT.
   Finding that defendant school district's requirement that pupils purchase their textbooks and miscellaneous supplies and equipment did not conflict with the constitutional requirement of free education was not clearly erroneous where the record showed that no students were denied admission to school because of lack of ability to purchase textbooks and any other necessary items.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 87.
[2, 4] 47 Am Jur, Schools §§ 204, 205.
[3] 5 Am Jur 2d, Appeal and Error § 839.
[5] 39 Am Jur, Parties §§ 10, 11.
[6] 39 Am Jur, Parties § 44 *et seq.*
[7] 47 Am Jur, Schools § 148.

5. PARTIES—ACTION—CLASS ACTION—PROPER CLASS.

> The parents of all children attending the elementary and second-
> ary schools of defendant school district comprise a proper
> class to bring an action against the school district to enjoin
> collection of certain fees and charges assessed against the
> pupils in the district (GCR 1963, 208.1[3]).

6. EQUITY—CLASS ACTION—NATURE OF ACTION.

> Class actions are an invention of equity and historically had
> no application to actions at the common law.

7. SCHOOLS AND SCHOOL DISTRICTS—CONSTITUTIONAL LAW—FREE
   PUBLIC SCHOOLS—IMPOSITION OF FEES—RELIEF—CLASS ACTION.

> Rejection of plaintiffs' request that defendant school district
> be required to refund fees improperly collected in violation
> of the Michigan constitution where plaintiffs brought action
> as representatives of a class comprising the parents of all
> students in defendant school district was proper where justice
> would not be served by requiring the refund because the fees
> collected were expended for the education of the children and
> were therefore no longer available, and any refund would have
> to be taken from the current school budget, thereby working
> a hardship on the pupils currently in school (Const 1963,
> art 8, § 2).

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 June 6, 1969, at Lansing. (Docket No. 5,586.) Decided July 31, 1969. Leave to appeal granted October 16, 1969. See 382 Mich 787.

Complaint by Lillian Bond and Daniel Fusfeld, on behalf of themselves and all parents of children attending the elementary and secondary schools of the defendant school district, against the Ann Arbor School District, a municipal corporation, for a declaratory judgment that the imposition of fees for various school activities and a charge for the purchase of books and school supplies are unconstitutional, for an injunction to prevent further imposition of fees and charges for books, and for a refund of all fees and book charges imposed since the action was commenced. Imposition of a general

fee declared unconstitutional, but charges for the
purchase of books upheld. Refund of fees and book
purchase money denied. Plaintiffs appeal. Affirmed.

*Douvan, Tammen, Harrington & Carpenter,* for
plaintiffs.

*Roscoe Bonisteel, Roscoe Bonisteel, Jr., and Richard B. Bailey,* for defendant.

Before: LESINSKI, C. J., and QUINN and DANHOF,
JJ.

DANHOF, J. On September 6, 1966, Lillian Bond
and Daniel Fusfeld commenced a class action under
GCR 1963, 208.1(3) on behalf of a class composed
of themselves and all other parents of school
children attending the elementary and secondary
schools of the defendant Ann Arbor school district.
Plaintiffs alleged that the imposition upon them of
fees charged for various school activities and the
expenses incurred in the purchase of books and
school supplies was a violation of Const 1963, art
8, § 2, in that *free* elementary and secondary education was thereby denied their children. Plaintiffs
sought injunctive relief, a refund to the plaintiffs'
class of all sums collected from it by defendant after
the commencement of the suit, and payment of a
reasonable attorney fee from any money judgment
rendered.

The case was tried without a jury, and on May 9,
1968, the trial judge entered a judgment holding
that the general fees and material tickets system
as presently established by defendant school district were in violation of Const 1963, art 8, § 2, and
enjoining the assessment and collection of these

fees, but holding that no refund was required. Additionally, the trial court held that the fees as presently established for students participating in interscholastic athletics were unlawful, that no refund of the fees was prayed for and none was allowed, but that assessment of the fees as presently established was permanently enjoined. However, the trial court held that the purchase of textbooks and miscellaneous supplies and equipment under the present system did not violate Const 1963, art 8, § 2.

From this judgment plaintiffs have appealed, asking that defendant be enjoined from requiring or requesting the purchase of any books and supplies, that the plaintiffs' class be given a money judgment for the full amount of general fees and material ticket fees collected by defendant between September 6, 1966 and May 9, 1968, and that a reasonable attorney fee, together with costs, be awarded from the money judgment. Plaintiffs did not appeal that part of the trial court's decision relative to interscholastic athletics fees, and defendant did not file a cross-appeal.

Plaintiffs' initial question "Does art 8, § 2, of the 1963 Constitution require the defendant school district to furnish free books and supplies to students in attendance at its public elementary and secondary schools?" raises a novel legal issue. Plaintiffs argue that the language in Const 1963, art 8, § 2, "The legislature shall maintain and support a system of free public elementary and secondary schools as defined by law," is "strikingly different" from the language in Const 1908, art 11, § 9, "The legislature shall continue a system of primary schools, whereby every school district in the state shall provide for the education of its pupils without charge for tuition." It is contended by plaintiffs that the word "free" in Const 1963, art 8, § 2, means "with-

out cost or charge" and, therefore, that a number of sections of the school code of 1955 relative to the furnishing of textbooks are unconstitutional.[1] Their position is that under Const 1908, art 11, § 9, only *tuition-free primary* schools were required, whereas under Const 1963, art 8, § 2, the entire *elementary* and *secondary* school *system* must be free, including the textbooks and supplies used therein.

However, plaintiffs' counsel states that he made a careful review of the records and journals of the Constitutional Convention of 1961 and of every reported case on the issue of free textbooks, and yet he was unable to cite any authority supporting the aforestated position. The only relevant case he found was *Segar* v. *Board of Education of the School District of the City of Rockford* (1925), 317 Ill 418 (148 NE 289), which held valid a school board resolution requiring a refundable deposit by students for the use of free textbooks furnished by the defendant school district. The court stated:

"Plaintiffs in error cite, in support of their contention that the resolution adopted by the board of education is void, section 1 of article 8 of the Constitution of this state. While they do not point out in what respect this section of the Constitution is transgressed, we assume it is their position that provision for a system of free schools is not made until textbooks are provided at public expense for the use of pupils attending the public schools. No authority is cited in support of such a contention, and we are of the opinion that none can be found.

[1] See § 731 (MCLA § 340.731 [Stat Ann 1968 Rev § 15.3731]); § 740 (MCLA § 340.740 [Stat Ann 1968 Rev § 15.3740]); § 881 (MCLA § 340.881 [Stat Ann 1968 Rev § 15.3881]); § 884 (MCLA § 340.884 [Stat Ann 1968 Rev § 15.3884]). MCLA § 340.884 (Stat Ann 1968 Rev § 15.3884) requires a favorable vote of the school electors before a school board may furnish free textbooks. No such vote had been taken in the defendant school district before commencement of this action.

The authorities seem to be uniform that a board of education has no power to furnish textbooks to the pupils at public expense without specific authority so to do. Annotations, 17 ALR 299; 45 LRA NS 972. A system of schools, which permits all persons of school age residing in the district to attend classes and receive instruction in the subjects taught, without a tuition charge, provides free schools, and the fact that the parents of pupils financially able to do so are required to provide their children with textbooks, writing materials, and other supplies required for the personal use of such pupils does not change the character of the school."

Also, there is merit in the defendant's position that to adopt such a far-reaching concept as complete and total subsidizing of pupils would certainly have required persuasion and received extended discussion in the Constitutional Convention of 1961. It is significant that there was almost no discussion of the provision at hand, and there were no comments suggesting the proposition contended for by these plaintiffs.

In the "Address to the People," the Constitutional Convention of 1961 explained its proposed changes and the reasons for such changes. The explanation of the constitutional language being construed in this case was:

"This is a revision of § 9, art 11, of the present constitution which fixes responsibility on the legislature to provide 'primary' education. To conform to present practice and court interpretations, 'primary' is changed to 'elementary and secondary'. The balance of the section is excluded because its restrictions as to finance and definitions as to basic qualifications needed to be eligible for state aid are better left to legislative determination." (2 Official Record, Constitutional Convention 1961, p 3395.)

Additionally, this Court construes a provision of the Constitution with reference to the state of the law or custom at the time of its adoption. See *Walber* v. *Wayne Circuit Judge* (1966), 2 Mich App 145, and citations therein. Applying that test here, at the time the Constitution of 1963 was adopted defendant had not qualified under the statute to furnish free textbooks. See footnote 1, *supra.* To give the word "free" its broadest possible meaning, as argued by plaintiffs, would result in rendering unconstitutional substantial portions of the statutes of the State of Michigan and case law concerning education. It is unlikely that such an intent would escape all discussion on the convention floor. This Court agrees with the trial court that the silence of the convention is some evidence that it did not consider art 8, § 2, to be an expansion of the concept of free education and that it does not appear that the framers of the Constitution, without any discussion, would intend such a drastic change as claimed by plaintiffs. Therefore, we conclude that "free" in Const 1963, art 8, § 2, does not mean that textbooks and supplies must be provided students without charge.

Concluding as we do that the word "free" in art 8, § 2, is not to be equated with the words "without cost or charge," we affirm the trial court's construction of the Constitution. In actions tried upon the facts without a jury, findings of fact are not set aside on appeal unless clearly erroneous, GCR 1963, 517.1. The record amply supports the able trial court's finding that no qualified person in the Ann Arbor public school district is or has been denied the benefit of primary and secondary education through any actions of the officials of the defendant. Thus, the trial court's determination that under the present system where students are not denied ad-

mittance to school because of lack of ability to purchase textbooks and any other necessary items, defendant's requirement that children of the plaintiffs' class purchase their textbooks and miscellaneous supplies and equipment for attendance at and participation in the program of the elementary and secondary schools of the defendant school district did not conflict with the constitutional requirement of free education is not clearly erroneous, and therefore, it is affirmed.

Plaintiffs also ask, "Does administrative inconvenience and cost to the defendant school district justify the retention by the defendant of fees involuntarily exacted from the plaintiff class in violation of their constitutional rights to free schools and due process of law?" Initially, we state that this was a proper class suit under GCR 1963, 208.1 (3), and we do not agree with plaintiffs that the trial court held otherwise. Rather, the trial court said it was not such a class suit as would justify ordering a return of the unlawfully assessed fees. His opinion read in part:

"To defendant's credit it should be pointed out that certain exhibits indicate that defendant school district instituted a plan to phase out these student general fees. (Again, see plaintiff's exhibit 2.)

"From the evidence introduced at the trial, it is the opinion of the court that defendant school district certainly acted in good faith. In charging these fees it attempted to comply with the provisions of the law in ear-marking funds received from these fees to certain specified expenditures. Again, it should be pointed out that the court is of the opinion from the evidence presented in the case that no child was refused admittance or was expelled from defendant schools for failure to pay these fees.

*   *   *

"Plaintiff has requested that this court order defendant school district to reimburse all of the students or parents of students attending school in the Ann Arbor school system for payments made in 1966 for general fees. This court will not order the return of these fees. The present suit is not deemed to be of [sic] such a class suit that would justify such action. In addition, this would be almost impossible for defendant school district and the cost would be prohibitive and an unreasonable and unjust burden on defendant school district and all of the residents in defendant school district would suffer. The law must be just. The court finds that the defendant school district acted in good faith and many supplies were furnished according to the evidence which were not required to be furnished by defendant school district."

The goal of any court is to assure that justice is done. This is particularly true in class actions which, historically, were an invention of equity and had no application to actions at common law.[2] In the instant action, the plaintiffs' class received equitable relief by means of a permanent injunction against the further assessment and collection of unlawful fees. The remaining question is whether justice would be served under the facts of this case by requiring additionally the refund of certain fees already collected and disbursed. The trial court found that it would not.

Plaintiffs assert that in 1966–1967 and in 1967–1968 respectively $83,655 and $57,207 were collected by defendant in general fees from the plaintiffs' class, and that an accounting would be necessary to determine the precise amount of the material ticket charges.

The record shows that the general fees for high school in 1966–1967 were $10 per year per pupil,

---

[2] 6 Cyclopedia of Federal Procedure (3d ed), 1966 Rev, § 23.01.

payable $5 each semester, and that in 1967–1968 it was $7 per pupil for the entire year. The material tickets were $1 and the number used varied with the course and project undertaken. Thus, refunds, if ordered, would be a maximum of $17 per pupil, plus a varying amount for $1 material tickets. The student enrollment in defendant school district was in excess of 17,000 in 1966–1967 and in excess of 18,000 in 1967–1968. No additional representatives of the plaintiffs' class intervened in this suit after publication of notice to members of the plaintiffs' class.

The fees collected for the years in question were expended for the education of the children in school at that time. The record discloses that the money actually collected is no longer available. Thus, we would not be justified in making the defendant refund all of the money in question, which of necessity would have to be taken from the current school budget. This would work a hardship on the pupils currently in school because they are entitled to have current funds expended for their education. Therefore, the trial court was not clearly in error in granting injunctive relief but refusing to order refunds of the fees.

Affirmed; no costs, a public question being involved.

All concurred.