NORTHVIEW CONSTRUCTION COMPANY v CITY OF ST. CLAIR SHORES

ACTION—CLASS ACTION—ADEQUATE REPRESENTATION.

> A class action suit was properly dismissed after the named plaintiffs had received a judgment in their favor alone and the remaining claimants responding to a notice of the action clearly indicated that they were interested only in their own claims and were not interested in continuing the class action, because while courts recognize the desirability of providing a forum for small claimants in class actions, they are reluctant to allow such actions to proceed where they are not likely to benefit persons other than the lawyers who bring them.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 1 November 9, 1972, at Detroit. (Docket No. 11641.) Decided February 20, 1973. Leave to appeal granted, 390 Mich —.

Complaint by Northview Construction Company, R & L Building Company, and Sunnyview Building Company for themselves and on behalf of all other members of their class against the City of St. Clair Shores to recover fees paid to defendant for building permits which were held invalid. Summary judgment for defendant. Plaintiffs appealed. Reversed and remanded. Judgment for the three named plaintiffs, without an order continuing the class action. The class action was dismissed after publication of notice and a hearing. Plaintiffs appeal. Affirmed.

*Honigman, Miller, Schwartz & Cohn* (by *Norman Hyman*), for plaintiffs.

*Yoe, Casey & Moore,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
1 Am Jur 2d, Actions § 125.

Before: Lesinski, C. J., and Fitzgerald and Van Valkenburg,* JJ.

Van Valkenburg, J. The subject matter of this appeal, certain building-permit fees, has been the genesis of continuing litigation at all levels of the court system of this state for a period of more than 12 years. In order to put this chapter of the saga in proper prospective, a brief review of the prior litigation is necessary.

In 1959 our Supreme Court rendered its decision in *Merrelli v St Clair Shores,* 355 Mich 575 (1959), holding that two ordinances enacted by defendant city in 1954 and 1956, relative to collection of certain building fees, were invalid. The Court held that the revenue derived from the building permits was entirely disproportionate to the cost of issuance and the proper regulation of construction.

Immediately following the release of the *Merrelli* opinion, 15 separate actions involving 27 named plaintiffs were filed against defendant city for the express purpose of recovering the excess fees allegedly paid by the respective plaintiffs.

On July 27, 1960, the action which is the subject of this appeal was filed. This suit was the only one which assumed the responsibility of collecting the alleged excess fees not only on behalf of the three named plaintiffs, but also for all members of their class. Following the filing of pleadings, including the answer and reply, no further proceedings were taken, except for a number of stipulations agreeing to adjournments of the pretrial hearing until the Supreme Court rendered its decision in *Beachlawn Building Corp v St Clair Shores,* 370 Mich 128 (1963).

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The Court in the *Beachlawn* case held that the builders could recover the excess fees even though they had not been paid under protest. Judgment for plaintiff Beachlawn Building Corp., after remand and trial in the circuit court, was affirmed on appeal by the Supreme Court, 376 Mich 261 (1965).

In November 1965 defendant moved for summary judgment to dismiss the class action by reason of the failure to comply with the notice requirements. In December 1965 a motion for summary judgment in favor of the three named plaintiffs was made. In August 1966 a motion for summary judgment in favor of the class plaintiffs was made.

On April 3, 1967, defendant's motion for summary judgment with respect to the class action was granted. Plaintiffs appealed to this Court. This Court held that the trial court improperly granted summary judgment in favor of defendant because of the inadequacy of notice to the class members. See 12 Mich App 104 (1968).

On May 16, 1967, during the pendency of the above-noted appeal to this Court, judgments were entered on behalf of the three named plaintiffs in the amount of their claims. These judgments were satisfied, but without any order continuing the litigation as a class action.

Subsequent to this Court's opinion, plaintiffs' attorneys moved for summary judgment and notice to the class members. After a hearing thereon, an order was entered which provided for notice by publication to the class members. The notice was published and seven individuals filed notice with the city that they desired to file claims and be bound by any judgment which might be entered. One of the claimants thereafter withdrew his

claim. After a hearing in which three additional claimants testified, the class action was dismissed.

The sole question before this Court is whether the trial court properly dismissed the class-action suit. The trial court dismissed the class action on the basis that since the named plaintiffs had already departed from the case and since there was so little response from the remaining class members, the requisite indicia of adequate representation was not present; therefore, the class action should not be continued.[1]

Before attempting to answer the question herein presented, it is necessary to first digress for a moment and set the nature and status of this litigation in proper prospective. Class actions were unknown at common law and historically were developed in equity so as to provide a vehicle whereby large groups of individuals with a common cause could enforce their equitable rights or obtain immunity for equitable wrongs. *Montgomery Ward & Co, Inc, v Langer,* 168 F2d 182, 187 (CA 8, 1948); *Bond v Ann Arbor School Dist,* 18 Mich App 506 (1969). As a consequence of the above-mentioned developments, states promulgated rules or statutes governing the procedure to be followed in such actions. Michigan adopted the former method; the procedural aspects of class actions being governed by GCR 1963, 208.[2]

GCR 1963, 208.1[3] sets forth the three types of

---

[1] It should be noted, however, that the trial court did retain jurisdiction over the claims made by the individuals who responded to the notice. Since defendant city did not file a cross appeal with respect to that portion of the court's order, this Court does not express any opinion as to the status of the claims of those claimants.

[2] GCR 1963, 208 was modeled after FR Civ P, 23 as it read prior to its 1966 amendment.

[3] GCR 1963, 208.1 provides:

"Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of

factual situations in which class action may be appropriate, assuming that the class is so numerous as to make it impracticable to bring all the members of the class before the court, and assuming that there is adequate representation. While the three classifications set forth in subsections (1), (2) and (3) of GCR 1963, 208.1 are not labeled, they are commonly referred to as being "true", "hybrid", and "spurious" class actions, respectively. The nature of these types of class actions is succinctly stated in 59 Am Jur 2d, Parties, § 51, pp 415–417:

"The 'true' class action, which is the invention of equity, is the one which involves the enforcement of a right which is joint, common, or secondary or derivative.

"The 'hybrid' class action involves the enforcement of rights which are several, where the object of the action is the adjudication of claims which affect specific property impounded in the action.

"The 'spurious' class action under Rule 23(a)(3) involves the enforcement of rights which are several where there is a common question of law or fact and a common relief is sought. The spurious class suit is merely a permissive joinder device in which the right and the liability of each individual plaintiff are distinct. The class is formed solely by the presence of a common question of law or fact, and there is no jural relationship among the members of the class. It is an anomaly because it does not involve a recognizable class. The

them, 1 or more, as will fairly insure the adequate representation of all may on behalf of all sue or be sued when the character of the right sought to be enforced for or against the class is

"(1) joint, common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

real justification for the spurious type of action is its convenience in litigating numerous individual claims in one action. It is really an invitation to all persons similarly situated to join the action and litigate their several claims, but except to the extent that common claims are litigated, it has no binding effect on the members of the class who are not parties to the action. Procedure in this respect is largely a matter of discretion of the trial court.

"The 'spurious' type of class action is not the invention of the drafters of Rule 23. It was known, although not often referred to as such, prior to such Rule, and is evidenced by decisions under the state code provisions and earlier chancery practice."

See also *Pressley v Wayne County Sheriff,* 30 Mich App 300, 317 (1971).

Since the claims of the members of the proposed class were "several" in nature and since there was a common question of law affecting the several rights, this, as in *Pressley, supra,* is a spurious class action pursuant to GCR 1963, 208.1(3).

The named plaintiffs herein sought and were granted summary judgment as to their claims. While such judgment constituted a compromise, it was proper, upon approval of the trial court. Since the class action was brought pursuant to GCR 1963, 208.1(3), no notice of the compromise to the other members of the class was necessary. See GCR 1963, 208.5.

Under the circumstances of this case, the threshold question which must be answered is:

Where the named plaintiffs in a class action pursuant to GCR 1963, 208.1(3) secure judgment in their favor alone, prior to the intervention of any other member of the class, did the trial court err in dismissing the class action?

As noted previously, the named plaintiffs sought

and were granted summary judgment as to their claims alone. These claims were acknowledged as satisfied on May 29, 1968. It is thus immediately apparent that on the date of the prior appeal of this matter to this Court the only persons interested in the class action were plaintiffs' attorneys.[4] Since, as the trial court put it, the named plaintiffs were "gone from the scene", the logical conclusion is that the attorneys engineered and paid the costs of the prior appeal.

In the prior appeal, this Court held only that the trial court should not have dismissed the class action because of want of adequate notice and that, at the time of the dismissal, there was not a sufficient basis to determine the adequacy of representation and the practicality of bringing all the members of the class before the court.[5] See 12 Mich App 104, 106 (1968). This Court directed the trial court to serve notice upon the members of the class and thereafter determine the adequacy of the representation. This the trial court did.[6]

The named plaintiffs by seeking and accepting

---

[4] The attorneys' continued interest in the class action is easily explained by the hoped for attorneys' fees in excess of $135,000 plus interest which would result from the class action.

[5] A review of the briefs in the prior appeal revealed that the fact that the named plaintiffs had settled was mentioned, however, the potential impact of that settlement was not argued by either party.

[6] While plaintiffs' attorneys argue that the prior order of this Court required notice by mail to all the members of the class, such is not the case. This Court merely ordered that adequate notice be made. Notice by publication is proper in cases where other forms of notice is impractical. *American State Savings Bank, Trustee v American State Savings Bank,* 288 Mich 78, 88 (1939); *Walker v City of Hutchinson,* 352 US 112; 77 S Ct 200; 1 L Ed 2d 178 (1956). In the instant case the trial court determined that personal notification would be impractical and unnecessary. We cannot say that that finding was clearly erroneous. We would further note that since it was later determined that the suit had much notoriety among the members of the class, the notice requirements were satisfied by the widespread notoriety of the case. See *Snyder v Board of Trustees of University of Illinois,* 286 F Supp 927 (ND Ill, 1968); *Schy v Susquehanna Corp,* 419 F2d 1112 (CA 7, 1970); *Cortright v Resor,* 325 F Supp 797 (ED NY, 1971).

judgment in favor of themselves alone clearly evidenced their lack of desire to continue the class action.[7] While we perceive that the trial court could have determined that there was not adequate representation from the mere fact that the named plaintiffs had departed from the suit prior to the appearance of any other member of the class, and thus obviating the necessity of notice to the other members of the class, the members of the class who did respond to the notice only serve to buttress the trial court's determination that there was not adequate representation to justify the continuation of the class action. Not only was the response to the notice small,[8] but those who responded to the notice clearly indicated that they were interested only in their own claims and were not interested in continuing the class action.

The trial court had a clear duty to terminate the class action at such time as it became evident that there was not adequate representation to protect those who were absent. GCR 1963, 208.4.[9] Clearly,

---

[7] This case is distinguishable from *Pressley v Wayne County Sheriff,* 30 Mich App 300 (1971). Here plaintiffs sought, and were apparently content with, a judgment in favor of themselves alone; while in *Pressley* plaintiff was granted, over his objection, judgment in his favor alone. Thus, while in *Pressley* there was a clear indication that plaintiff wished to continue the class action, there is no such indication here. Note also the *Pressley* case involved a basic personal right affecting members of a class composed of transient and constantly fluctuating membership; while the instant case involves a purely monetary recovery by a class composed of a fixed and certain membership.

[8] The lack of enthusiasm on the part of the other contractors to join in this class action may well be explained by the fact that there was an attempt on the part of the owners of the homes built during the period in question to intervene, asserting that they were the true parties in interest. The contractors may well have determined that they had been able to pass their increased cost on to the ultimate consumer, the home buyer. Clearly, the builders would gain nothing if they, in turn, faced suits by the buyers for the moneys recovered in this class-action suit.

[9] GCR 1963, 208.4 provides:

"Protective Orders. The court at any stage of an action under sub-

under these circumstances, it cannot be said that the trial court was clearly erroneous in its determination that there was not adequate representation to justify continuation of the class action. While courts recognize the desirability of providing a forum for small claimants in class actions, they are reluctant to allow such actions to proceed where they are not likely to benefit persons other than the lawyers who bring them. *Eisen v Carlisle & Jacquelin,* 391 F2d 555, 567 (CA 2, 1968).

Affirmed.

All concurred.

---

rules 208.1 or 208.2 may require such security and impose such terms as shall fairly and adequately protect the interests of the class or association in whose behalf the action is brought or defended. It may order that notice be given, in such manner as it may direct, of the pendency of the action, of a proposed settlement, of entry of judgment, or of any other proceedings in the action, including notice to the absent persons that they may come and present claims and defenses if they so desire. Whenever the representation appears to the court inadequate fairly to protect the interests of absent persons who may be bound by the judgment, the court may at any time prior to judgment order an amendment of the pleadings, eliminating therefrom all reference to representation of absent persons, and the court shall order entry of judgment in such form as to affect only the parties to the action and those adequately represented."