T.C. Memo. 2003-226

UNITED STATES TAX COURT

DAVID J. PRICE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10571-02.                 Filed July 30, 2003.

David J. Price, pro se.

A. Gary Begun and Timothy S. Murphy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner petitioned the Court under section 6015(e) to redetermine respondent's determination that he is not entitled to equitable relief under section 6015(f) for 1994 and 1995.  We decide whether petitioner is entitled to such relief. We hold he is not.  Section references are to the applicable

versions of the Internal Revenue Code.  Dollar amounts are rounded.

## FINDINGS OF FACT[1]

Some facts were stipulated.  The stipulated facts and the accompanying exhibits are incorporated herein by this reference.  We find the stipulated facts accordingly.  Petitioner resided in New Baltimore, Michigan, when his petition was filed.

In 1992, petitioner married Lisa M. Price (Ms. Price) (collectively, the Prices).  They experienced marital disputes during 1996, separated in or about 1997, and divorced on November 19, 1998.  The Prices were represented by separate legal counsel during the course of their divorce proceeding.

The Michigan circuit court (circuit court) that presided over the divorce proceeding entered a judgment of divorce that ordered and adjudged that the Prices file joint Federal, State, and local income tax returns for 1992 through 1996.  The judgment also stated that 100 percent of any tax refund as to those years would go to Ms. Price and, should Mr. Price fail to sign releases or cooperate in the referenced joint filings, that Ms. Price had the exclusive right to file those joint returns on their behalf.

---

[1] At trial, petitioner testified in support of his claim for equitable relief.  On the basis of the record as a whole, including our observation and perception of petitioner when he testified, we find petitioner's testimony incredible and decline to rely upon it to support his position herein.  Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 84 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

The Prices filed joint 1994 and 1995 Federal income tax returns with the Commissioner on May 6, 1999. Those returns, which were signed by both of the Prices, reported that the Prices owed tax. As of January 8, 2003, the Commissioner's records reflect that the Prices' liabilities as to those returns are $1,892 and $1,159, respectively, exclusive of interest.

On May 15, 2000, respondent received from petitioner a request for equitable relief under section 6015(f) as to 1994 and 1995. On or about November 21, 2001, Appeals Officer Bonnie Boak (Boak) met with petitioner regarding his claim for equitable relief under section 6015(f). Afterwards, following her research and analysis of that claim, Boak issued to petitioner a notice of determination denying it.

## OPINION

Section 6015(f) generally affords a spouse equitable relief from liability for tax owed as to a joint return where the facts and circumstances of the case establish that it would be inequitable to hold that spouse liable for that tax. Petitioner argues that the Commissioner should have afforded him such equitable relief for 1994 and 1995. According to petitioner, he filed his 1994 and 1995 joint returns under duress in that the judgment of divorce ordered that the Prices file joint income tax returns for 1994 and 1995 and he was afraid of the consequences of not filing joint returns for those years. Petitioner makes no

other claim of entitlement to equitable relief under section 6015(f).

We disagree with petitioner that he is entitled to equitable relief on account of his claim of duress. In Berger v. Commissioner, T.C. Memo. 1996-76, the taxpayer signed a joint income tax return pursuant to a divorce settlement and court order. We concluded that the taxpayer did not sign that return under duress. We held that the taxpayer's allegations that she was "afraid of the 'consequences' of defying a court order" did not constitute duress under State law.

Our holding in Berger is equally applicable here. Under Michigan law, i.e., the law which applies to the Prices' divorce proceeding, petitioner's allegations, even if true, do not constitute duress. The Supreme Court of Michigan has explained that duress under Michigan law is present "when one by the unlawful act of another is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will." Hackley v. Headley, 8 N.W. 511, 512-513 (Mich. 1881); see also Beachlawn Bldg. Corp. v. St. Clair Shores, 121 N.W.2d 427, 429-430 (Mich. 1963) (same definition quoted); Norton v. Mich. State Highway Dept., 24 N.W.2d 132, 135 (Mich. 1946) (same definition quoted). In that the circuit court did not by an unlawful act induce petitioner to file joint returns for 1994 and 1995 against his free will, we conclude that he did

not file his 1994 and 1995 joint returns under duress.[2]  We sustain respondent's determination that petitioner is jointly and severally liable for the Prices' 1994 and 1995 Federal income tax liabilities.

Decision will be entered

for respondent.

_____

[2] In fact, the circuit court contemplated that petitioner might disobey its order to file joint returns with Ms. Price. The circuit court's judgment provides specifically that Ms. Price has the exclusive right to file 1994 and 1995 joint returns on behalf of the Prices should petitioner fail to cooperate in the filing of those returns.